## LATIMER *v.* WHEELER.

December, 1864.

Affirming 30 *Barb.* 485.

In an action for possession of personal property, it is not necessary to show that defendant had possession in fact when the action was brought. If he had been previously in possession, and was present at the time of a demand on, and refusal by, another person, at the place where the goods were, he cannot defend on the ground that he had parted with the possession to such person.[*]

Any unlawful interference with the property of another, or exercise of dominion over it, by which the owner is damnified, is sufficient to maintain the action.

John G. Latimer sued H. Hill Wheeler, in the Brooklyn city court, to recover chattels, claimed by plaintiff to belong to him, and which he alleged defendant had become possessed of and wrongfully detained. The answer denied that defendant had become possessed of them, or wrongfully detained them from plaintiff, and also denied the ownership of plaintiff, and claimed that defendant was the owner, though not in possesssion. The answer also alleged that from the time of the making of the mortgage, under which plaintiff claimed, in January, 1856, until October 25, 1856, the goods were in the " Globe Hotel, in the city of Brooklyn, and exclusively in possession of one Rathbun, and

* Compare Jessop *v.* Miller, p. 449, and King *v.* Fitch, p. 508, of vol. 2 of this series.

that, on the latter day, Rathbun's possession of the hotel, and of all the goods, was transferred and delivered to one Carr, who thenceforth continued in possession."

It appeared on the trial, that Rathbun, in December, 1855, and January, 1856, had purchased goods of plaintiff, amounting to about four hundred dollars, and that on January 5, 1856, he executed to the plaintiff a chattel morgage thereon, for a balance remaining due of three hundred and seven dollars, which mortgage was duly filed the same day.

February 4, 1856, Rathbun being indebted to the defendant Wheeler, in the sum of one thousand dollars, executed to him a chattel mortgage payable March 1, and which was filed March 8, 1856, and the schedule annexed to this mortgage embraced the same property mentioned in the plaintiff's mortgage, and other property. Rathbun testified, that he told defendant of the existence of the mortgage to the plaintiff; and that on July 5 he left the hotel and the property there, and also left H. N. Carr in possession. H. N. Carr testified that he took possession of the hotel in July, and kept it for Rathbun until October 25, 1856, and during the remainder of the time for Horatio P. Carr, his son. Rathbun testified that he surrendered the hotel to the defendant, and at the time of such surrender he was living and keeping a hotel in New York. The defendant testified to his interview with Rathbun in New York, on October 25, 1856, and it was quite clear that this surrender was made at that time by Rathbun, for on that day the defendant agreed to lease the Globe Hotel to Horatio P. Carr, until May 1 next, and he also agreed, upon certain payments to be made by Carr, to assign to him Rathbun's mortgage upon the furniture in the hotel, " with all right and title of said Wheeler in all the furniture in said hotel." The arrangement to purchase the furniture was never carried out. It was part of the agreement between defendant and Carr that defendant and his family should take board in the hotel as equivalent to rent. Defendant commenced boarding there about a month after the date of this agreement, and continued to board there the remainder of the the winter. H. N. Carr testified that when the agreement was made (October 25, 1856), defendant told him not to let Rathbun or any else take any of the furniture away.

The suit was commenced March 25, 1857. Michael Cary testified that a few days before the suit was commenced he went to the Globe Hotel with a copy of the mortgage, at plaintiff's request; saw defendant and Mr. Carr there ; opened the mortgage and told defendant that plaintiff had sent him for the goods mentioned in the mortgage. He said there were no goods there belonging to the plaintiff. He said they were his, and neither witness nor the plaintiff could have them. Witness told him that he would see whom they belonged to, and defendant told him to clear out. It was admitted that the goods were not taken by the sheriff, but that they were released on defendant's giving an undertaking under section 211 of the Code of Procedure.

Defendant moved to dismiss the complaint, on the ground that the action could not be maintained against him, as he was not in possession of the property when the suit was commenced. This motion was denied, and defendant excepted.

The judge charged the jury that if they believed that the defendant told the witness Cary that he owned the property and that the plaintiff had no property there, or that he treated it as his own, they might find that the defendant had such a legal possession as would enable the plaintiff to maintain this action ; to which the defendant excepted.

Defendant asked the judge to charge that if they believed Carr was in actual possession, this action could not be maintained; which he declined, and defendant excepted; and also excepted to so much of the charge as stated that if the defendant was not in the actual possession, yet if he claimed an interest in, and control over, the furniture, and refused to deliver it when demanded, he was liable.

The jury found for the plaintiff, and assessed the value of the property at two hundred and seventy-seven dollars and ninety-five cents, and, pursuant to a stipulation, judgment thereon, in lieu of a judgment for a return, was entered.

*The supreme court,* at general term, on appeal, held that considering that defendant's title was that of mortgagee, that he had put Carr in possession with directions to suffer no part of the property to be removed, and that Carr was present when

Cary produced the plaintiff's mortgage and demanded the goods,—defendant's claim to them as his own, and his refusal to allow the plaintiff's agent to remove them, was certainly evidence to be submitted to the jury on the question whether defendant had possession at the time of the demand. They accordingly affirmed the judgment. Reported in 30 *Barb.* 485. Defendant appealed.

*P. Y. Cutler,* for defendant, appellant.—As to the question of demand and refusal, cited Roberts *v.* Randall, 3 *Sandf.* 707; Maxwell *v.* Farnham, 7 *How. Pr.* 236; Elwood *v.* Smith, 9 *Id.* 528; Bowman *v.* Eaton, 24 *Baro.* 528; Manning *v.* Monaghan, 28 *N. Y.* 585; Donohue *v.* Henry, 4 *E. D. Smith,* 162; Kelsey *v.* Griswold, 6 *Barb.* 436; Whitney *v.* Hanson, 30 *Id.* 276; Andrews *v.* Shattuck, 32 *Id.* 396; Hunt *v.* Kane, 40 *Id.* 638.

*George G. Reynolds,* for plaintiff, respondent.

DAVIES, J. [After stating facts.]—The case of Nichols *v.* Michael, 23 *N. Y.* 264, disposes of all the grounds taken by the defendant upon the trial of this cause, and settles the plaintiff's right of recovery. It is conceded that the defendant was at one time in possession of the goods covered by the plaintiff's mortgage. On October 25, 1856, he now claims, he delivered such possession to Horatio P. Carr. He certainly claimed then to be the owner of them, for he agreed to sell them to Carr. At the time the agent of the plaintiff demanded of the defendant and Carr the possession of the goods, the defendant denied that there were any goods of the plaintiff's there. He claimed that they were his, and that neither the agent nor the plaintiff could have them, and the defendant told the plaintiff's agent to clear out. Carr was present and must be assumed to have concurred in this refusal of the defendant. If, therefore, he, Carr, had been in the actual possession of the goods, his acquiescence in the refusal of the defendant to deliver the same, and his silence, when the defendant interposed his claim of ownership, was equivalent to a demand upon him and refusal by him. The case of Jones *v.* Dowle, 9 *Mees. & W.* 19, is quite in point. There the plaintiff had bought a picture at an

Latimer *v.* Wheeler.

auction, at which the defendant acted as an auctioneer. The latter, by mistake, entered the name of one Clift as the purchaser and delivered the picture to him. The plaintiff demanded the picture of Clift, who refused to deliver it, and then brought detinue against the auctioneer. The counsel for the defendant insisted that the plaintiff was bound to show that the picture was in the possession or custody of the defendant, or of an agent over whom he could exercise control at the time of bringing the action. But the court overruled the objection. PARKE, B., said: "Detinue does not lie against him who *never had* possession of the chattel, but it does against him who once had, but has improperly parted with the possession of it."

In Nichols *v.* Michaels, it was said that the theory upon which this case proceeded was sound, and applied directly to that case. It was that where a person was in possession of goods belonging to another, which he is bound to deliver up on demand, if he without authority from the owner parts with that possession to another, who refuses to deliver them, he is responsible in detinue equally with the party refusing. He contributes to the detention. It is the consequence of his own wrongful delivery. The action in such cases may properly be brought against both, because the acts of both unite in producing the detention.

In the case at bar, upon the defendant's theory that he was not in the actual possession of the goods at the time of the demand, but that the same were in the possession of Carr, the defendant's liability upon the doctrine of these cases is complete. It is not denied that the plaintiff was the owner of the goods covered by his mortgage, and was entitled to the possession of the same. It is also conceded that the defendant had been in the possession of the goods, and he now claims to exempt himself from liability, on the ground that he had parted with such possession to Carr. He had so parted with the possession without the authority of the plaintiff, the owner of the goods. The demand upon and refusal by both the defendant and Carr, gave the plaintiff a complete right of action against both of them. Garth *v.* Howard, 5 *Carr. & P.* 346. And, on the authority of Nichols *v.* Michael, the action

may be maintained against both, or against the party who has parted with the goods.

But, in my opinion, the defendant himself was in the possession of the goods at the time of the demand. Carr's possession was his possession, the latter was but the agent of the defendant, over whom he could and did exercise control. This is manifest from all the acts of the defendant. Rathbun, who undeniably, anterior to October 25, 1856, had the possession of the goods, on that day surrendered the same to the defendant. He then, as owner, entered into a contract with Carr to sell the same to him upon certain terms, which Carr never fulfilled, and he then put Carr in possession as his tenant. He told the father of Carr, who was then at the hotel, as the agent of his son, not to let Rathbun or any one else take any thing away. At the time of the demand by Cary, in the presence of Carr, the defendant denied the ownership of the plaintiff of the goods, claimed them to be his, and would not let the plaintff have them, and ordered the plaintiff's agent to leave the premises; all this was done in Carr's presence, and it is to be presumed with his assent. And the defendant, in his answer, claims that he is the owner of the goods. All these facts and declarations establish conclusively to my mind the fact, either that the defendant was in the actual possession of the goods at the time of the demand, or, if not, they were in the possession of his agent, over whom he could and did exercise control. In either aspect the defendant's liability is unquestionable.

The motion for the nonsuit was properly denied, and the exceptions to the charge cannot be sustained. If the views herein stated are correct, it follows that the judge properly refused to charge the jury that if they believed Carr was in the actual possession the action could not be sustained, as requested by the defendant's counsel.

The judgment appealed from should be affirmed, with costs.

T. A. JOHNSON, J.—Only two questions are made in this case; one, on the exception to the charge; and the other, on the refusal to charge as requested.

The judge charged the jury that if they believed the defendant told Cary that he owned the property, and that the plain-

Latimer *v.* Wheeler.

tiff had no property there, or that he treated it as his own, they might find the defendant had such a legal possession as would enable plaintiff to maintain the action. Cary was the plaintiff's agent, and, as he testifies, went to the house where the defendant lived, and where the property was, with a copy of the plaintiff's mortgage, and told the defendant that plaintiff had sent him for the goods mentioned in the mortgage which he then produced. The defendant said there were no goods belonging to the plaintiff there; that they were his goods, and neither the witness nor the plaintiff could have them. Cary said he would see whom they belonged to, and the defendant told him to clear out. This was in the presence of Carr, the tenant of the house, with whom the defendant boarded, and who, as it is claimed, and as the defendant's evidence tends to show, was in the possession of the goods as tenant under a lease of the house, in which lease he, Carr, had agreed to purchase the goods in question, though he had not then done so.

The appellant's counsel endeavors to maintain the proposition that the defendant, not having the goods actually in his possession at the time, is not liable in this form of action whatever he may have said or done when the demand was made. But this proposition cannot be maintained, and especially under the circumstances of this case. Here the person who is now claimed to have been in the exclusive possession of the goods, under the contract to purchase, was present when the plaintiff's claim was made, and must be deemed to have assented to the claim of ownership and dominion which the defendant then made. The two lived together in the same house where the goods then were, and no notice or hint was given that any person other than the defendant had any interest in or right of control over the goods. Under such circumstances, it would be a reproach to the law to allow the defendant to defeat the action by showing that another person then present, and not himself, was, in fact, in the lawful possession and custody of the goods. Such a rule would be intolerable, and operate as a snare to innocent parties, proceeding upon the open acts and declarations of adverse parties. The defendant was not a mere stranger to the goods, but claimed title under his mortgage, which was a valid mortgage, but subordinate to

the plaintiff's. If he assumed the ownership and dominion, and prevented the plaintiff's taking the property under his superior claim of title, he should not be allowed to say upon the trial, for the purpose merely of defeating the action, that the possession was in fact in another at the time. Hence the judge was right in instructing the jury that if the defendant, when the property was demanded, claimed to be the owner of the property, and denied the plaintiff's right, or treated it as his own, they might find that he had such possession as was necessary in law to the maintenance of the action.

It is not necessary to the maintenance of this action that the defendant should be in the actual possession of the property which is the subject of the action.

It has been repeatedly held, that an action of replevin, even in the *cepit*, will lie against the plaintiff in an execution by whose direction goods are levied upon, although such goods are never removed by virtue of the levy from the custody of the owner (Allen *v.* Crary, 10 *Wend.* 349; Fonda *v.* Van Horn, 15 *Id.* 631; Acker *v.* Campbell, 23 *Id.* 372; Stewart *v.* Wells, 6 *Barb.* 79); and the action either in the *cepit* or *detinet* would lie in such cases. Cumming *v.* Vorce, 3 *Hill*, 282. In all such cases the defendant never has any possession of the property in point of fact. It is the interference and exercise of dominion which constitutes the right of action. That is sufficient possession for the maintenance of the action.

The rule is, that any unlawful interference with the property of another, or exercise of domion over it, by which the owner is damnified, is sufficient to maintain the action. Allen *v.* Crary, *supra.* Here there was an unlawful interference, and the exercise of dominion against the plaintiff's rights by which he was prevented from taking his property, and was thus injured. This was sufficient possession by the defendant for the purpose of maintaining the action against him.

The judge was right therefore, in refusing to charge as requested by the defendant's counsel, that if Carr, the tenant, was in the actual possession of the goods, the action could not be sustained. No point is made by the appellant that the plaintiff's mortgage was not valid, and superior to the one under which he claimed the property. Judgment was entered for the

value of the property, instead of a return thereof, in pursuance of a stipulation between the parties before the verdict was rendered. I am of the opinion that no error has been committed, and that the judgment should be affirmed.

All the other judges concurred.

Judgment affirmed, with costs.