By the Court.—Mo Cue, J.
[After stating facts and disposing of objections to charge.]—It is insisted, however, that the defendant rented the fixtures before the sale of the fixtures to the plaintiff. That the conversion took place at the time of the renting, and was a conversion as to the former owner, but not as to the plaintiff, who does not claim as assignee of the right of action for the conversion, but as owner, so that in order to recover in this action, it was necessary to prove a conversion as to the plaintiff after he became owner, and that, without proof that the defendant was able to comply with the demand when made, conversion has not been established.
The lease executed by the defendant to Mr. Fleming, after the original tenant ceased to occupy the store, did not include the fixtures in terms. Fleming says he objected to taking the lease when it was *356 handed to him, because the fixtures were not so included, but was assured by the defendant’s agent that it was all right.
There is room to doubt that the defendant really intended to place the fixtures beyond his control, if at any time it became his interest to re-assert that control; although it was undoubtedly understood by the tenant that he was to have the use of the fixtures, with the premises, without any enhanced rent therefor.
Assuming, however, that the defendant was out of possession, we do not think that this fact forms a bar to this action.
It is well settled that an action will lie in favor of the true owner, against a person who has parted with, and at the commencement of the suit, is not in fact, or in law, in possession of the property. Ross v. Cassidy, 27 How. Pr. 420; Nichols v. Michael, 23 N. Y. 264; Latimer v. Wheeler, 3 Abb. Ct. App. Dec. 35.
This is upon the theory that the act of parting with the possession, without the consent of the true owner, is unlawful.
So held in a case of replevin in the detinue. ' There is no reason why the same rule should not apply equally in an action of trover. The end sought to be reached is practically the same, viz.: recovery of the value of the property unjustly detained or converted; and when it appears that the defendant has unlawfully parted with the property sought to be recovered, he is, to all intents and purposes, to be regarded as still in possession, sufficiently so to render him liable either in replevin or trover.
“Any unlawful interference with the property of another, or exercise of dominion over it, by which the owner is damnified, is sufficient to maintain either” trespass or trover (Allen v. Crary, 10 Wend. 349). And evidence of an actual forcible dispossession of the plaintiff is not necessary; and trespass or replevin *357 will lie against a sheriff for a levy upon goods not the property of the defendant in the execution.
The complaint in this action does not, it is true, claim a delivery of the property, but the Code has abolished the distinction heretofore prevailing as to the forms of actions, and there is now but one form of action for the redress of private wrongs.
The views above expressed cover the exceptions taken by defendant’s counsel, and it is not necessary therefore to discuss them in detail.
The judgment and order appealed from should be affirmed with costs.
Neilson, Ch. J., concurred.