By the Court.—O’Gorman, J.
This action was brought for the alleged conversion, by the defendant, of 55 cases of wine, valued at $lj350, which were placed in his custody in May, 1883, as appears by manifest of cargo of steamship “Republic,” one of the steamships of the “White Star” line, filed on May 5, 1883.
Defendant was then collector of the port of New York. This wine was shipped in Liverpool, by a firm, named Campbell & Co., and by them consigned to Thurber & Co., of New York. Campbell & Co. drew a draft for £150 on Thurber & Co., the consignees, and the plaintiffs advanced that sum to Campbell & Co., on the draft, receiving two of the bills of lading attached to the draft, as collateral. When the goods arrived in New York, Thurber & Co., the consignees, refused to take them, or to accept the draft, or to pay the duties or freight. The goods were not entered in the custom-house, but remained there in the custody of the defendant, subject to duties, charges, and the carrier’s lien for freight. In November, 1883, the agents of the “ White Star ” line of steamships, the carriers of the goods, acting under instructions from the managers of the line in Liverpool, caused to be filed, bills of lading of the goods, together with such other papers *49 as were required by custom-house regulations, and withdrew the goods from the custom-house, and they were re-shipped to Liverpool, the shippers being indemnified by parties in Liverpool, supposed to have been the owners. In March, 1884, about five months after the goods had been thus withdrawn from the custody of the defendant, the plaintiffs caused Thurber & Co. to indorse the third part of the bill of lading to “A. T. Downey & Co.,” the firm of Thurber & Co. being indemnified therefor by the plaintiffs. Finding that the goods had been previously re-shipped to Liverpool, demand was made on defendant, and this action was begun.
From the time of the arrival of this wine in Hew York until March, 1884, no notice was given to the defendant, of any claim on the part of the plaintiffs of any lien upon, or any right or claim to the possession of this property, or of any connection whatever on their part with it.
The manifest of the steamship “Republic,” showing that the wine was consigned to Thurber & Co., did not convey any notice to defendant that the plaintiffs had or claimed any lien upon it, and the plaintiffs took no steps to make any lien which they claimed to have, effectual; nor had they, during all the time during which the wine remained in the custody of the defendant, any absolute legal right to the possession of it.
It is held that an action for conversion cannot be sustained, unless at the time of the alleged conversion, the plaintiff had the legal right to the property converted (Clement v. Yturria, 81 N. Y. 285). ,
Under these circumstances, the defendant was justified in regarding himself as bailee of the carriers, during all the time the wine was in his custody, and as holding possession of it as their agent, and on their behalf, and subject to their hen for unpaid freight (Western Transportation Co. v. Barber, 56 N. Y. 544; Rogers v. Weir, 34 Ib. 463).
It is, no doubt, held that an action in favor of the true owner will not be defeated, merely because the defendant *50 has parted with the property before commencement of the action. This is on the theory, that the act of the defendant in .parting with the possession, without the consent of the true owner, is unlawful (Corsan v. Oliver, 2 Abb. N. C. 352). In cases, also, where the defendant never-acquired any legal title to the goods in his possession, as where goods were stolen from the true owner and came into the defendant’s possession innocently, as purchaser, and without knowledge or suspicion of the theft, there it is held that he is nevertheless liable for conversion (Pease v. Smith, 61 N. Y. 477). But these decisions do not apply to the case at bar.
The defendant here came into possession of this property lawfully, and plaintiffs had not, at the time of the withdrawal of the goods from the custody of the defendants, any absolute legal right to the possession thereof. It seems, also, that where the defendant’s possession of the property, as in the case at bar, is not tortious in its beginning, but rightful; and the negligence or laches of the true owner causes or seems to justify defendant in dealing with the goods as his own, an action for conversion will not be sustained (Strickland v. Barrett, 20 Pick. 465). This principle might, with justice, be applied to the case at bar, where the plaintiffs left the defendant in ignorance of any hen they claimed to have on the property, until long after he had parted with its possession.
But the defendant, during all the time in which he had custody of this property, was under no obligation to the plaintiffs and owed them no duty, and plaintiffs had no right to demand the possession of the property, nor had they, during all that time, any cause of action against him.
The findings of the learned trial judge are sustained by sufficient evidence, and the judgment below should be affirmed, with costs.
Ingraham, J., concurred in the result.