MORTIMER E. SERAT, Respondent, *v.* THE UTICA, ITHACA AND
ELMIRA RAILWAY COMPANY, Appellant.

A wrongful conversion of property does not deprive the owner of his title,
he may transfer the title to another, who, upon demand and refusal· of
the person in possession of the property to surrender the same, may
maintain an action against him for a conversion.

(Submitted April 16, 1886 ; decided April 30, 1886.)

THE following is the *mem.* of opinion in this action :
"The plaintiff sought, in this action, to recover damages for
the conversion, by the defendant, of certain trestle-works, con-
structed for the unloading and distribution of coal. The answer
put in issue the material allegations of the complaint. The
trial court found, upon evidence, to the sufficiency of which
no objection is made, that, prior to the month of January,
1883, a copartnership existed between the plaintiff Swift and
Seth Serat, under the name of the Valley Coal Company ; that
it constructed a trestle-work, in pursuance of a contract between
the firm, the defendant and a ¡certain other railway company,
but upon such conditions that the materials used in the con-
struction of the trestle-work remained, at all times, the personal
property of the firm, with the right to remove the same at any
time ; that, in January, 1883, the defendant wrongfully took
possession of the materials and trestle-work and converted them
to its own use ; that afterward, on the 10th of July, 1883, two
of the copartners, Seth Serat and Swift, assigned and trans-
ferred to the plaintiff their right, title and interest in the ma-
terial and timber used in said trestle-work, and afterward, be-
fore the commencement of this action, and on the 12th of July
1883, the plaintiff demanded of the defendant the trestle-work
and materials and the possession of the same ; that the defend-
ant refused to give up the works or the material thereof, or to
allow the plaintiff to remove the same.

" The learned trial judge found that the property was worth
$1,500 ; that it belonged solely to the plaintiff, and that the
defendant was guilty of a conversion in refusing to allow the
plaintiff to remove the same as demanded. He, therefore,

directed judgment for this amount, with interest from the 12th of July, 1883. It has been affirmed by the General Term.

"Upon this appeal the appellant raises two questions, *first*, whether there can be a second conversion of property ; *second*, whether the findings of fact above referred to, support the conclusion of law made by the trial judge. Neither question admits of doubt. The defendant's wrongful act in January, 1883, did not change the title to the trestle-work, and although its then owners—the Valley Coal Company—might have sued for its conversion, they did not, nor were they bound to do so. Instead of that, two of its three owners chose to sell their interest in the property to the third, and he, after demand, brought this action. The previous wrong on the defendant's part was no excuse for its failure to surrender the property when demanded, and the action was well brought by its then owner. As against the defendant at any rate, the property has ceased to be a partnership asset. For any thing within the record, the appeal is without excuse, and the judgment should be affirmed."

*Brown & Armstrong* for appellant

*Gabriel L. Smith* for respondent.

DANFORTH, J., reads for affirmance.
All concur.
Judgment affirmed.