FIRST NATIONAL BANK of Syracuse, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

*Payment of a draft — subrogation to the rights of the payee — delivery of a bill of lading — effects a legal change of possession of the property — laches not presumed on appeal — appeal on a judgment roll alone.*

Upon the advancement by one bank to another of the amount of a draft of which the latter bank is the payee, made at the request of the drawee, the bank making such advancement is subrogated to the right of the payee named in the draft.

The discount of a draft drawn by a consignor upon his consignee, which is accompanied by the delivery of a bill of lading to the party making the advance, not only passes to such party the legal title to such property, but, in the eye of the law, the transfer of the bill of lading is regarded as an actual delivery and an actual change of possession of the property described therein, and the fact that the bill of lading is drawn to order does not prevent its transfer by delivery to a third person without any indorsement.

Any act of the drawer after the delivery of the bill of lading and discount of the draft does not affect the rights of the person discounting the same, and it is immaterial, as between the carrier of the property mentioned in the bill of lading and the person discounting the draft, that prior to such person making an advance thereon, the carrier had improperly parted with the control of the property, as the improper delivery thereof by it would not relieve it from its liability in the premises.

Where the fact of *laches* or consequent injury is not found upon the trial of an action, the existence of *laches* or injury will not be presumed upon appeal simply from delay, nor will it be assumed, without any finding on the subject by the trial court, that by reason of delay and the failure of the consignees of goods delivered by the defendant, it, the defendant, has lost any remedy it might have had.

Where an appeal is heard upon a judgment roll alone the question to be determined is whether in any view of the facts found a proper judgment was ordered.

APPEAL by the defendant, The New York Central and Hudson River Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Onondaga on the 22d day of June, 1894, upon the decision of the court rendered after a trial at the Onondaga Circuit before the court without a jury.

The facts, as found by the trial court, are substantially as follows:

On the 2d of September, 1892, C. E. Drake delivered to the defendant, at its station at East Pembroke, N. Y., a carload of wheat in bulk, owned by him, to be carried by the defendant to its station at Marcellus, N. Y., and the defendant thereupon duly delivered to Drake, or his agent, a bill of lading. This was dated September 2, 1892, and acknowledged the receipt of the property and stated the agreement to carry, and also that it was agreed " that every service to be performed hereunder shall be subject to all the conditions, whether printed or written, shown or indorsed hereon, and which are hereby agreed to by the shipper and by him accepted for himself and his assigns as just and reasonable."

Upon the face of this bill, and under the words " Marks, consignees and designation," there was the following :

" Order of C. E. Drake, Marcellus, N. Y. (Notify C. E. Drake, Rochester, N. Y.)" There then followed a description of the property and a statement that the freight was prepaid.

Upon the back of the bill of lading. there was printed the word " condition," and under it the words " not negotiable," and under these in smaller type a number of conditions, two of which are ·claimed to be material here, and are as follows :

" 5. Property not removed by the person or party entitled to receive it, within twenty-four hours after its arrival at destination, may be kept in the car, depot or place of delivery of the carrier, at the sole risk of the owner of said property, or may be, at the option of the carrier, removed and otherwise stored at the owner's risk and cost, and there held subject to lien for all freight and other charges. The delivering carrier may make a reasonable charge per day for the detention of any car and for the use of track after the car has been held forty-eight hours for unloading, and may add such charge to all other charges hereunder, and hold such property subject to a

lien therefor. Property destined to or taken from a station at which there is no regularly appointed agent shall be entirely at risk of owner when unloaded from cars, or until loaded into cars, and when received from or delivered on private or other sidings, shall be at owner's risk until the cars are attached to and after they are detached from trains.

" 9. If the word ' order' is written hereon immediately before or after the name of the party to whose order the property is consigned, without any condition or limitation other than the name of a party to be notified of the arrival of the property, the surrender of this bill of lading, properly indorsed, shall be required before the delivery of the property at destination. If any other than the aforesaid form of consignment is used herein, the said property may, at the option of the carrier, be delivered without requiring the production or surrender of this bill of lading."

Other facts were found as follows :

"*Fourth.* That on the 3d day of September, 1892, said C. E. Drake, then being the holder of the said bill of lading and the owner of said wheat, drew his draft in writing upon H. C. Smith & Co., of Marcellus, N. Y., of which the following is a copy:

" ' $465.49. ROCHESTER, N. Y., *September 3d*, 1892.

" ' At sight pay to the order of P. R. McPhail, cashier, four hundred sixty-five and 49-100 dollars.

" ' Value received and charge to account of

" ' C. E. DRAKE, per C. E. DRAKE.

" ' To Mess. H. C. Smith & Co. (Indorsed on face.)

" ' Cash, Syracuse, N. Y.'

" And attached the said bill of lading to the said draft, and delivered the said draft and bill of lading, the latter indorsed : ' Deliver to the order of H. C. Smith & Co. (Signed) C. E. Drake,' to the Merchants' Bank of Rochester, and the said Merchants' Bank of Rochester on said day discounted the said draft and placed the avails thereof to the credit of said Drake upon the books of said bank.

"*Fifth.* That on the said 3d day of September, 1892, said Merchants' Bank of Rochester indorsed the said draft as follows : ' For collection for account of Merchants' Bank of Rochester, N. Y. P. R. McPhail, Cashier,' and transmitted the same with the bill of

lading attached to the plaintiff, First National Bank of Syracuse, for collection, and the same were received by said plaintiff on the 6th day of September, 1892, upon which day said plaintiff duly notified said H. C. Smith & Co. of the receipt thereof.

"*Sixth.* That on the 10th day of September, 1892, H. C. Smith, a member of the firm of H. C. Smith & Co., called at the banking office of the plaintiff at Syracuse, N. Y., and requested the cashier of said bank to remit to the Merchants' Bank of Rochester the amount of said draft and to hold the bill of lading as security for such advancement until said draft was paid by said H. C. Smith & Co., and that thereupon said plaintiff did remit to said Merchants' Bank of Rochester on said 10th day of September, 1892, the amount of said draft, by its draft upon New York, which said remittance was received by said Merchants' Bank of Rochester on the 12th day of September, 1892, and said draft on New York was thereupon collected and the proceeds thereof retained by said Merchants' Bank of Rochester.

"*Seventh.* That on the 5th day of September, 1892, the firm of H. C. Smith & Co. presented to the station agent of the defendant at Marcellus, N. Y., a postal card signed by said C. E. Drake, of which the following is a copy:

"'ROCHESTER, N. Y., *Sept.* 4, '92.

"'Messrs. H. C. SMITH & Co.:

"'This is your authority to unload car wheat No. 41383, consigned from E. Pembroke 9-2 to my order, Marcellus.   Unload without B. L. and deliver B. L. to agent when you get it from 1st Nat. Bank of Syracuse, where we sent it on Saturday for delivery to you.

"'Yours, truly,

"'C. E. DRAKE.'

"And that thereupon said defendant delivered to said H. C. Smith & Co. said carload of wheat, shipped under the bill of lading aforesaid, without requiring the surrender and cancellation of said bill of lading, and the same was wholly removed from said car on the 5th and before eight A. M. of the 6th day of September, 1892, by said H. C. Smith & Co., and said wheat was converted into flour by said H. C. Smith & Co. before September 10, 1892.

"*Eighth.*   That on or about the 1st day of November, 1892, after the failure of said H. C. Smith & Co., the plaintiff duly presented

the said bill of lading and duly demanded from the defendant the possession of the said carload of wheat mentioned therein, and that the said defendant refused to deliver the same to the plaintiff.

" *Ninth.* That at the time of such shipment, and up to the time of such demand for the possession thereof, said wheat was of the value of $465.49.

" *Tenth.* That after the receipt of said bill of lading by the plaintiff, not earlier than Sept. 10th, 1892, and before the demand for the property therein mentioned from the defendant, the said H. C. Smith & Co. indorsed the said bill of lading by writing across the back thereof the words ' H. C. Smith & Co.'

" *Eleventh.* That said H. C. Smith & Co. never paid the said draft, and that the said bill of lading was never delivered to said H. C. Smith & Co., but remained in the possession of the plaintiff until after the demand aforesaid.

" *Twelfth.* That Marcellus station is about fifteen miles west of the city of Syracuse, plaintiff's place of business, and there is telegraph and railroad communication between the two places."

As conclusions of law the court found that the delivery by the defendant of the grain to said H. C. Smith & Co. without the cancellation and surrender of the bill of lading, and the subsequent refusal to deliver the same to the plaintiff upon demand, constituted a conversion thereof, and that the plaintiff is entitled to judgment against the defendant for the sum of $465.49, the value of said wheat, with interest from the 10th day of September, 1892.

The appeal is heard on the judgment roll alone.

*Frank Hiscock*, for the appellant.

*White & Cheney*, for the respondent.

MERWIN, J.:

The plaintiff, upon its advancement to the Merchants' Bank of Rochester of the amount of the draft at the request of H. C. Smith & Co., was subrogated to the rights of that bank to the draft and bill of lading. (*Gans* v. *Thieme*, 93 N. Y. 225 ; *Acer* v. *Hotchkiss*, 97 id. 403 ; 24 Am. & Eng. Ency. of Law, 290, 294.)

In *Commercial Bank of Keokuk* v. *Pfeiffer* (108 N. Y. 250) it is said to be settled law in this State that the discount of a draft

drawn by a consignor upon his consignee, which is accompanied by the delivery of a bill of lading to the party making the advance, not only passes to such party the legal title to such property, but in the eye of the law the transfer of the bill of lading is regarded as an actual delivery and an actual change of possession of the property. As supporting this proposition there are cited the cases of *Bank of Rochester* v. *Jones* (4 N. Y. 497); *First Nat. Bank of Cin.* v. *Kelly* (57 id. 37); *City Bank* v. *R., W. & O. R. R. Co.* (44 id. 136); *Merchants' Bank* v. *U. R. R. & T. Co.* (69 id. 379). The fact that the bill of lading is drawn to order does not prevent its transfer by delivery to a third person without any indorsement. (*Merchants' Bank* y. *U. R. R. & T. Co., supra.*) The acts of Drake after delivery of the bill of lading to, and discount of the draft by, the Rochester bank did not affect the rights of that bank.

It would seem, therefore, that the right of plaintiff to the property under the bill of lading was perfect, unless it is affected by the printing on the back of the bill of lading of the words " not negotiable."

By section 633 of the Penal Code it is provided that any person, who is the master, owner or agent of any vessel, or officer or agent of any railway, express or transportation company, or otherwise being or representing any carrier, " who delivers to another any merchandise for which a bill of lading, receipt or voucher has been issued, unless such receipt or voucher bears upon its face the words ' not negotiable,' plainly written or stamped, or unless such receipt is surrendered to be canceled at the time of such delivery, or unless, in the case of a partial delivery, a memorandum thereof is indorsed upon such receipt or voucher, is punishable by imprisonment not exceeding one year, or by a fine not exceeding one thousand dollars, or by both." The bill of lading in this case did not have written or stamped on its face the words " not negotiable," and, therefore, the delivery of the property by the agents of the defendant without its surrender and cancellation was unlawful. In 1 Kent's Comm. 467, it is said if a statute inflicts a penalty for doing an act, the penalty implies a prohibition, and the thing is unlawful though there be no prohibiting words in the statute.

As the printing of the words " not negotiable " on the back of the bill did not comply with the statute, it may be doubtful whether

they in any way affected the rights of the Rochester bank. It had a right to assume that the defendant would not deliver the property without production of the bill and so it would be able to obtain payment of the draft. Aside from this, by reference to condition No. 9, it was apparently within the contemplation of the parties that if the consignment was in the form which it in fact appears to be on the face of the bill, it then became the subject of transfer, and the rights of third parties might intervene and so the property must not be delivered without surrender of the bill.

I am of the opinion that the Rochester bank had a valid claim on the property to the extent of the draft and this inured to the benefit of the plaintiff although the property had passed from defendant's control before the plaintiff made its advancement. (*Serat* v. *The Utica, I. & E. R. R. Co.*, 102 N. Y. 681.) The improper delivery by defendant did not relieve it from its liability. (*Corsan* v. *Oliver*, 2 Abb. N. C. 356.) It is, however, urged by the defendant that at the time the plaintiff advanced its money, the bill of lading was "spent," and, therefore, the plaintiff could acquire no rights to it. This might perhaps be so if plaintiff took only the right which H. C. Smith & Co. could give. As, however, it stood in the place of the Rochester bank it was not affected by what had occurred between the defendant and Smith & Co. It is not found that the plaintiff knew anything about these occurrences.

The defendant also claims that the plaintiff is chargeable with *laches* by reason of its delay in presenting the bill of lading and making a demand of defendant. The fact of *laches* or consequent injury is not found. From the delay simply we cannot assume the existence of *laches* or injury, especially in view of the fact that the unlawful delivery by defendant's agents which is the basis of plaintiff's claim occurred on or before the 6th of September, 1892. No facts are found showing an estoppel. (*Galway* v. *M. E. R. Co.*, 128 N. Y. 133.) Nor can we say without any finding on the subject that the defendant by reason of the delay and the failure of the consignees has lost any remedy it might have had against them, or did not protect itself in the transaction. The defendant claims the plaintiff ratified the delivery to Smith & Co. But that is not found. No question is made about interest.

The appeal being heard upon the judgment roll, the question is

whether in any view of the facts found the proper judgment was ordered. (*Agricultural Ins. Co.* v. *Barnard*, 96 N. Y. 525.) We are of the opinion that the judgment must be sustained.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment affirmed, with costs.