that he was in possession. An occupant is one who has the actual use or possession. Low v. Austin, 25 Barb. 26. In Mygatt v. Coe, 147 N. Y. 456, 42 N. E. 17, it is said that, where husband and wife are living on her premises, she is presumed to have the legal possession, exclusive of the husband's possession, unless there be something to show the contrary. Merely living with the wife on her separate property hardly makes the husband the occupant. Hallock v. Rumsey, 22 Hun, 89; Hamilton v. City of Fond du Lac, 25 Wis. 496. In the Powell Case, 14 Misc. Rep. 83, 35 N. Y. Supp. 265, there were other grounds for holding the assessment good. I am inclined to the opinion that the husband was not the occupant within the meaning of the tax law, and, if not, then the assessment was neither to the owner nor the occupant, and, therefore, void.

But the defendant claims that the plaintiff, when she bought the premises, in May, 1897, agreed to pay the taxes of 1895 and 1896, and is, therefore, not in a position now to attack the sale in 1898. The agreement, if there were one, rests on the evidence of Mr. Oney. At most, his evidence would only show a promise to pay a tax of 1896. He testified that he had himself paid the tax of 1895. If so, the sale would be void. People v. Hagadorn, 104 N. Y. 516, 10 N. E. 891; Black, Tax Titles (2d Ed.) § 230. A sale for two taxes when one has, in fact, been paid, invalidates the sale. For aught I see, the plaintiff is entitled to judgment in substance declaring the claim of defendant invalid.

Judgment for plaintiff.

<hr>

(38 Misc. Rep. 711.)

### QUEENS COUNTY SAV. BANK v. GRAHAM et al.

(Supreme Court, Special Term, Queens County. October Term, 1902.)

1. MORTGAGE—PARTIAL RELEASE—DESCRIPTION OF LAND.

　　A release from the lien of a mortgage of a plot, which referred to the map of the tract covered by the mortgage, made subsequent to its execution by the mortgagor, by dividing the tract into numbered plots, and laying out upon it a system of roads, and which described the plot in reference to the map by metes and bounds, excluding the only one of such roads touching on the plot, and being silent as to the others, does not release the lands in the roads laid out.

Suit by the Queens County Savings Bank against Elizabeth J. Graham and others to foreclose a mortgage. Judgment for plaintiff.

Suit to foreclose a mortgage. The mortgage covered a tract, and after it was given the mortgagor made a map of the tract, dividing it into numbered plots and laying out upon it a system of streets or roads. Subsequently the mortgagor entered into a written agreement with the defendants Hudson or their predecessors in title to convey to them plot No. 6 as shown on the said map. Subsequently the said mortgagor obtained from the mortgagee (the plaintiff) a release of the said plot No. 6 from the lien of the mortgage. The said map is referred to in the said release, and the said plot is described in reference to it by exact metes and bounds; one course being "to the west side of a private road" shown on the aforesaid map, and being one of the said new roads laid out thereon; and the next course being "thence north along the same to" another point. Subsequently the mortgagor delivered a deed of conveyance of the said plot No. 6 under the said contract of sale to the said purchasers; the description mentioning the

said map and being in reference thereto and by metes and bounds; and having at the end the following: "Together with the right of way over the private roads laid out on said map," etc.

H. A. Bogert, for plaintiff.

T. W. Butt, for defendants.

GAYNOR, J. The defendants Hudson, the owners of plot No. 6, claim that the plaintiff by its release of the said plot No. 6 from the lien of the mortgage, also released the land in the roads laid out by the map of the plot made and filed by the mortgagor subsequent to the making of the mortgage, to the extent of an easement in the same for use as roads. The release does not in terms purport to do so. On the contrary, it describes the plot by metes and bounds which exclude the only one of such roads touching the same (Blackman v. Riley, 138 N. Y. 318, 34 N. E. 214); and as to all the others it is silent. There is no principle of construction by which the effect of the release may be carried beyond its terms. The release cannot be construed as a conveyance, if that would help the defendants. It is not a conveyance, and carries no title to anything. Title is not in a mortgagee in this state.

Judgment for the plaintiff.