QUEENS COUNTY SAV. BANK v. HUDSON et al.

(Supreme Court, Appellate Division, Second Department. May 1, 1903.)

1. RELEASE OF MORTGAGE—EASEMENTS NOT INCLUDED.
    A release of one of several mortgaged plots, which described the plot released, in reference to a map, by metes and bounds, did not include easements to use private roads laid out on the map, not referred to in the release.

2. SAME—APPURTENANCES.
    Easements to use private roads did not pass as appurtenances to land released.

Appeal from Special Term, Queens County.

Action to foreclose a mortgage by the Queens County Savings Bank against Edwin F. Hudson, individually and as executor, impleaded with Elizabeth J. Graham and others. From a judgment for plaintiff (78 N. Y. Supp. 76), Hudson appeals. Affirmed.

Defendant Graham owned a plot of land, which she mortgaged to respondent. Later she joined with her neighbor, Stratton, in laying out part of her land and part of Stratton's land into plots and private roads, upon a map, wherein the premises were called "Stratton Bluffs." Plot 6 was on both sides of the dividing line; part belonging to Graham, and part to Stratton. Appellant Hudson and his brother purchased plot 6, and received a deed from both Graham and Stratton, after Graham had obtained from respondent a release of her part of plot 6 from its mortgage. The deed, however, in addition to conveying plot 6 by its map number and by metes and bounds, conveyed, also, the adjoining land below high-water mark of Flushing Bay, and right of way over the private roads on the map, and privilege to connect with gas, water, and sewer pipes along and under said private roads, or by means of any other line of connection established by the parties of the first part and their grantees of the lots on said map. The release was of part of lot 6 on the map of Stratton Bluffs, to be filed, etc., bounded: "Beginning at high-water mark of Flushing Bay and running east along the south boundary line of the land of said Elizabeth J. Graham one hundred and sixty-seven feet, more or less, to the west side of a private road laid out through the land of the party of the second part and shown on said map, thence north along the same to the north boundary of said plot 6, thence west along the said north line one hundred and seventy-four feet to the high-water mark of Flushing Bay, and thence south along the same to the point of beginning; together with the hereditaments and appurtenances thereto belonging, and all the right, title and interest of the said party of the first part of, in and to the same, to the intent that the lands hereby conveyed may be discharged from the said mortgage, and that the rest of the lands in the said mortgage specified may remain to the party of the first part as heretofore."

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

David B. Ogden, for appellant.
Henry L. Bogert, for respondent.

PER CURIAM. This case was correctly decided below, if the proper effect was given to a release of a portion of the premises from a mortgage thereon. The question is whether this release included easements to use certain private roads. The description in the release is not broad enough in its terms to embrace such easements. Kings Co. Fire Ins. Co. v. Stevens, 87 N. Y. 287, 41 Am. Rep. 361. Nor did the easements pass as appurtenances to the land specifically released. Parsons v. Johnson, 68 N. Y. 66, 23 Am. Rep. 149; Longendyke v. Anderson, 101 N. Y. 625, 4 N. E. 629. It would seem, therefore, that the learned trial judge was right in holding that the mortgagee, upon foreclosure, has the right to have the mortgaged premises sold free from such easements, if that course is necessary in order to realize a sufficient sum to pay the amount due.

The judgment should be affirmed.