In the Matter of the Application of THE CITY OF NEW YORK Relative to Acquiring Title, Wherever the Same Has Not Been Heretofore Acquired for the Same Purpose in Fee to the Real Property Required for the Opening and Extending of Forty-third Avenue (Grout Avenue-Percy Street) from Fifty-seventh (Fourth) Street to Sixty-third Street (Trimble-Greenpoint Avenue); Sixty-first Street (Cameron Terrace) from Forty-third (Grout) Avenue to Woodside Avenue and Sixty-second Street (Whittier Place) from Forty-third (Grout) Avenue to Woodside Avenue, in the Borough of Queens, City of New York, as Amended by an Order of the Supreme Court of the State of New York, Second Judicial District, Dated November 13, 1928, and Entered in the Office of the Clerk of the County of Queens November 14, 1928, so as to Provide for the Acquisition of Title to the Real Property required for the Opening and Extending of Forty-third Avenue (Grout Avenue-Percy Street) from Fifty-seventh (Fourth) Street to Sixty-third Street (Trimble-Greenpoint Avenue), Sixty-first Street (Cameron Terrace) from Forty-third (Grout) Avenue to Woodside Avenue and Sixty-second Street (Whittier Place) from Forty-third (Grout) Avenue to Woodside Avenue, in the Borough of Queens, City of New York, as the Said Street is Now Laid Out upon the Map or Plan of the City of New York, in Accordance with the Resolution of the Board

of Estimate and Apportionment Duly Adopted on May 24, 1928. Woodris Realty Corporation, Harbro Holding Company, Inc., Appellants; The City of New York, Respondent.— Decree, in so far as an appeal is taken therefrom in respect to damage parcels 10, 12 and 18, reversed on the law and the facts, with costs, and the matter remitted to Special Term to determine the amount of damages sustained. Appellant Harbro Holding Company, Inc., is the owner of a purchase-money mortgage on a tract of land that subsequently was plotted and streets laid out and the map filed. These streets were private easements only and were not dedicated to any public use. Subsequently, in accordance with the terms of the mortgage, the mortgagee released certain lots for a consideration, and the boundaries were given as described on the streets laid out on the map. These releases were made subsequent to the taking of title of these streets on the map by the city for public use. The lien of the mortgage was not impaired by virtue of the subsequent filing of the map and the releases subsequently executed. (Queens County Sav. Bank v. Graham, 38 Misc. 711; affd., 83 App. Div. 629.) The claimant is entitled to substantial damages, unless the city can show that the remaining security is ample. Young, Hagarty, Carswell, Scudder and Davis, JJ., concur.