H. LIVINGSTON, BY HIS NEXT FRIEND, M. LIVINGSTON, *against* HAYWOOD.

THIS was an action of trespass, tried at the *Columbia* circuit, before the late *Chief Justice*, in *October*, 1813. The premises on which the trespasses were committed were in the town of *Grainger*, and were lands leased by *Henry W. Livingston*, now deceased, the father of the plaintiff. Part of the premises were leased to *Moses Bixby*, on the 1st of *October*, 1799, for the lives of *Bixby* and his wife. The other part was leased on the 1st of *May*, 1805, to *Henry Pitcher*, for the lives of himself and his wife. The leases contained covenants on the part of the lessees, their heirs and assigns, against cutting down, taking, or carrying away, any more wood or timber than should be actually used on the premises; and against committing, or suffering any waste or destruction thereof. The lessor, *Henry W. Livingston*, devised the premises to *Mary Livingston*, his wife, for life, and after her death, to the plaintiff, his heirs and assigns for ever. After the death of the lessor, the defendant sold, and permitted to be cut and carried away from the premises, at one time, fifty loads of wood. The defendant was in possession as assignee of the lessees.

*The statute, (1 N. R. L. 527. sess. 36. c. 56. s. 33.) giving the reversioner or remainderman, an action of waste or trespass, for any injury done to the inheritance, notwithstanding an intervening estate for life or for years; gives the person in reversion or remainder, an action of waste only against the tenant; but he can bring an action of trespass against a stranger only.*

The defendant's counsel moved for a nonsuit, on the ground that the statute, under which the suit was brought, which gives an action of waste, or trespass, to the reversioner, for any injury done to the inheritance, did not apply to this case; but was intended to give the action of *trespass* against *strangers* only; and the *Chief Justice* being of that opinion, the plaintiff was nonsuited.

*E. Williams*, for the plaintiff. By the act, (*N. R. L.* vol. 1. p. 527. sess. 36. c. 56. s. 33.) it is declared " that it shall and may be lawful for any person, or persons, seised of an estate, in remainder or reversion, to maintain an action of waste or trespass for any injury done to the inheritance, notwithstanding any intervening estate for life or for years."

The reason of this statute was, that as no person was entitled to an action of waste against a tenant for life, but he who had

NEW YORK, the immediate estate of inheritance, expectant on the determi-
October, 1814. nation of the estate for life, if between the estate of the tenant
LIVINGSTON for life, who had committed waste, and the subsequent estate of
v.
HAYWOOD. inheritance, there was interposed an estate of freehold to any
person in *esse*, the action of waste was, during the continuance
of such interposed estate, suspended ; and if the tenant for life
died during the continuance of such intervening estate, the ac-
tion was gone for ever.*

*1 Inst. 540.*
*2 Inst. 303. 1
Cruise'sDig.70.*

The statute gives the action of *waste* or *trespass*, and the
plaintiff has elected to bring *trespass*. The judge was, there-
fore, incorrect in nonsuiting the plaintiff.

That *covenant* lies also in this case, is no objection to this ac-
*† 2 Saund.* tion.†
*252. 2 Bl. Rep.
111.*

*Van Buren*, contra. By a fair construction of the statute, it
was intended to give the reversioner, or remainderman, an ac-
tion of *waste* only against the *tenant*, and an action of *trespass*
against a *stranger*. It is not pretended that there was any injury
done to the freehold. If the judge was not correct in his con-
struction of the statute, it would be most unjust, and ought to
be repealed.

THOMPSON, Ch. J. delivered the opinion of the court. This
is an action of trespass against the defendant, who holds the
*locus in quo*, as assignee of the tenant for life, under a lease
given by the ancestor of the plaintiff. The plaintiff claims
as devisee in remainder, under the will of his father, in which
the *locus in quo* is devised to his wife, *Mary*, during her life, and
after her death to the plaintiff, *Henry Livingston*, his heirs and
assigns for ever.

The question is, whether an action of trespass will lie, by
the devisee in remainder, during the continuance of the life es-
tate. The statute, (1. *N. R. L.* 527.) which is supposed to au-
thorize the action, is in these words : " That it shall and may
be lawful for any person, or persons, seised of an estate in re-
mainder or reversion, to maintain an action of waste or tres-
pass, for any injury done to the inheritance, notwithstanding
any intervening estate for life or years." This statute creates
a new remedy. The action of waste could not be maintained
against a tenant for life, except by him who had the immediate
estate of inheritance expectant on the determination of the

estate for life. So that, if between the estate of the tenant for life, who commits waste, and the subsequent estate of inheritance, there was interposed an estate of freehold, to any person *in esse*, during the continuance of such interposed estate, the action of waste was suspended. (1 *Cruise*, 70. s. 40.)

NEW YORK, October, 1814.

LIVINGSTON v. HARWOOD.

The plaintiff, *Henry Livingston*, stood in that situation, and, during the continuance of the life estate of his mother, could not, without the aid of the statute, maintain the action of waste. But the action of waste lies only against the tenant, or his assignee or heirs, and cannot be maintained against a stranger. Nor could any person, unless he was in the actual possession of the land, maintain trespass for an injury done to the inheritance. The statute must have been intended to provide for these two cases; to give the action of waste to the reversioner or remainderman, against the tenant, notwithstanding any intervening estate for life or years ; and the action of trespass against a stranger, notwithstanding he had not the actual possession. No other rational construction can be given to the statute. It cannot be pretended that it gives an action of waste against a stranger; and yet, from the words of the statute, this might be urged with the same propriety as that it gives trespass against the tenant. It must be understood, as giving to the remainderman, or reversioner, an action of waste, where waste is the appropriate remedy, and trespass, where trespass is the appropriate remedy, notwithstanding any intervening estate for life or years. According to this construction, the plaintiff cannot maintain the action of trespass, and the motion to set aside the nonsuit must be denied.

Motion denied.