THE BOWERY SAVINGS BANK, PLAINTIFF, *v.* ELIZABETH T. BELT AND OTHERS, DEFENDANTS, IMPLEADED WITH OTHERS, APPELLANTS.

*Foreclosure — a conditional sale — when it is not a mortgage — a misapprehension of legal rights — jurisdiction of all the parties in interest.*

Elizabeth T. Belt having executed mortgages upon certain premises to the Bowery Savings Bank and to several other parties respectively, and then conveyed them to Elizabeth M. Delabarre, the latter, in 1890, conveyed the premises, by a deed abso lute in form, to Hamilton H Salmon for $3,100, and he at the same time delivered to her a separate contract, by which he agreed to sell the premises to her upon payment by her of the sum of $3,100 on or before a day named. Both these instruments were recorded as deeds, the deed having been recorded two days before the contract.

About a month later Delabarre conveyed the same premises to James W. Purdy, for the expressed consideration of $1,100, by a deed which was duly recorded. The Bowery Savings Bank foreclosed the mortgage given by Belt to it, and the referee in that action, after paying the other mortgages given by her, decided that the surplus proceeds of sale belonged to Salmon and not to Purdy, although the

latter claimed the same upon the theory that Salmon's deed was in effect, a mortgage, while he, Purdy, was a *bona fide* purchaser for value and without notice. It was further claimed by Delabarre that Salmon had brought an action which was pending against her, in which he asked, as relief, that her deed to him be declared a mortgage, and that the referee erred in ignoring that action. *Held,* that the decision of the referee was correct.

That, upon its face, the transaction between Delabarre and Salmon was a conditional sale and not a mortgage.

That if, in fact, it was a mortgage the burden of showing this was upon those asserting it, and that they had failed to do so.

That the action brought by Salmon against Delabarre to have the deed declared a mortgage, did not affect his right to have the deed adjudged to be a deed in this action, for the reason that a party did not forfeit his legal rights by misapprehending them.

That as all the parties in interest were before the court their rights could be determined in this action.

APPEALS by the defendants, James W. Purdy, Jr., Elizabeth M. Delabarre and Hugh R. Garden, from an order of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 11th day of June, 1892, confirming the report of a referee in a foreclosure action, and overruling exceptions taken to it.

*E. H. P. Squire,* for the defendant Purdy, appellant.

*Samuel B. Paul,* for the defendants Delabarre and another, appellants.

*William J. Lacy* and *W. H. Reagan,* for the defendant Salmon, respondent.

LAWRENCE, J.:

Elizabeth T. Belt, after executing a mortgage to the plaintiff for $27,500 in 1889, and a second mortgage of $4,500 to J. F. Kernochan, and a further mortgage of $2,150 to A. White, conveyed the premises No. 44 West Twenty-second street to her daughter, Elizabeth M. Delabarre.

On September 20, 1890, the defendant, Elizabeth M. Delabarre, then the owner of the premises, sold in this action, made a deed of the same to said Hamilton H. Salmon for the consideration of $3,100, which deed was recorded on the same day in Liber 2258 of Convey-

ances, page 79. At the same time that said deed was made, said Salmon executed and delivered a contract to said Elizabeth M. Delabarre, by which he agreed to reconvey the said premises to her upon the payment of $3,100 on or before January 22, 1891. This contract was recorded two days after the recording of the deed in Liber 2308 of Conveyances, page 497.

On October twenty-seventh said Eliza M. Delabarre made a deed of the same premises to the defendant James W. Purdy, Jr., the consideration expressed therein being $1,100. This instrument was recorded in the said registrar's office December 2, 1890, in Liber 2334 of Conveyances, page 79. After paying the plaintiff's claim from the proceeds of the sale under the judgment in this action, and the amounts due to Kernochan and White, there remained a surplus, to all of which the referee has reported the defendant Hamilton H. Salmon is entitled.

The Special Term has confirmed that report, and from the order of confirmation this appeal is taken. It is claimed by the appellant Purdy that the deed to Salmon was a mortgage, and that as such it was improperly recorded in the Book of Conveyances, and that Purdy was a *bona fide* purchaser without notice and entitled to the surplus.

It is claimed by the appellant Delabarre that the referee should not have ignored the existence of the action brought by Salmon, and that to award him the surplus until that action had been determined was error.

It is further claimed by her that Salmon's deed, and the agreement executed simultaneously therewith, constituted a mortgage, and that the two instruments should have been recorded as such. We are of the opinion that the referee was right in the conclusion which he reached.

The transaction between the defendant Salmon and Mrs. Delabarre, was a conditional sale. The deed is absolute upon its face, and contains the usual full covenants of warranty. The agreement on the part of Salmon dated September 20, 1890, is to sell to Mrs. Delabarre for the sum of $3,100. Her agreement is to purchase for, and to pay that sum on January 22, 1891. Salmon agrees, on receiving such payment, to execute and deliver to her a full covenant warranty deed.

These provisions in the agreement are inconsistent with the position that the deed and instrument were intended to operate as a mortgage.

We have not overlooked the fact that a deed, absolute upon its face, may be shown by parol to have been intended by the parties as a mortgage, but the burden of proof in such case is upon the party seeking to establish that the transaction equitably amounted to a mortgage. (*Fullerton* v. *McCurdy*, 55 N. Y., 637.)

In our opinion, the parties opposing Salmon's claim to the surplus in this case have failed to prove that the relation between him and Delabarre was, in reality, that of mortgagor and mortgagee.

The action brought by Salmon for the purpose of having the deed in question declared a mortgage, does not affect his right to have that instrument adjudged to be a deed. A party does not forfeit his legal rights by misapprehending them. (*Morrison* v. *Brand*, 5 Daly, 42; S. C., affirmed, 56 N. Y., 657.) And as all the parties whose interests are involved are before the court, it is competent, in this proceeding, to ascertain the nature and extent of those interests. (*Bergen* v. *Carman*, 79 N. Y., 146.)

These views lead to an afirmance of the order below, with costs and disbursements.

Van Brunt, P. J., and O'Brien, J., concurred.