MORGAN et al. v. WATERS.

(Supreme Court, Appellate Division, Third Department. November 13, 1907.)

1. Trespass—Cutting and Removal of Timber—Impairment of Mortgage Security—Right of Action of Mortgagee.

Defendant, with knowledge that certain land was subject to a mortgage, and that the land without the timber upon it would be insufficient to pay the mortgage debt, and that the mortgagors were insolvent, entered upon the land and cut and removed the timber. Subsequently the mortgage was foreclosed, and on the sale a deficiency resulted less than the value of the timber. *Held*, that the mortgagees could recover the amount of such deficiency from defendant for his malicious impairment of the mortgage security.

2. SAME—NATURE OF REMEDY—TRESPASS ON THE CASE—WASTE.
    Such an action is not strictly an action of waste, but is in the nature
of an action of trespass on the case.

3. JUDGMENT—RES JUDICATA—BAR OF SUBSEQUENT ACTION—JOINDER OF AC-
    TIONS—LEGAL AND EQUITABLE.
    Where defendant, knowing of plaintiffs' mortgage on certain land, un-
lawfully impaired the security by cutting and removing timber from the
land, and plaintiffs thereafter foreclosed the mortgage, making defend-
ant a party to the suit, without asserting a claim for defendant's tres-
pass, plaintiffs are not thereby precluded from suing defendant for the
unsatisfied portion of the mortgage loan, since a plaintiff is never re-
quired to join actions in tort and contract upon penalty of forfeiture of
either right of action.

Appeal from Trial Term, Warren County.

Action by Julia G. Morgan and another, executrices of the last
will and testament of Mary W. Griffin, deceased, against George Wa-
ters, to recover for defendant's malicious impairment of the testator's
mortgage security. From a judgment dismissing the complaint, plain-
tiffs appeal. Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCH-
RANE, and SEWELL, JJ.

Charles R. Patterson, for appellants.
W. E. Young (F. A. Bratt, of counsel), for respondent.

SMITH, P. J. Plaintiffs' complaint was dismissed at the opening
of the trial upon the ground that a cause of action was not therein
alleged. The sole question, then, for our determination, is as to the
correctness of this holding. In the complaint it is alleged that about
the 5th day of May, 1890, for the purpose of securing the sum of
$500, loaned to them by Mary W. Griffin, plaintiffs' testator, Starling
Waters and Elizabeth Waters, the father and mother of the defend-
ant, executed and delivered to the said Mary W. Griffin a bond where-
by they bound themselves to pay the said sum three years from the
date thereof, with interest payable annually, and as security for the
payment of said indebtedness the said Starling Waters and Elizabeth
Waters executed a mortgage upon certain property described in the
complaint; that said mortgage became due, was foreclosed, the prop-
erty sold, and a deficiency arose upon the sale thereof of $317.45;
that Starling Waters died intestate without property, and that Eliza-
beth Waters was insolvent, so that it was impossible to collect the
said deficiency judgment from the mortgagors. It is further alleged
that during the fall of 1903, and the winter and spring following,
while this mortgage was a lien upon the said land, the defendant
George Waters unlawfully and fraudulently entered upon the above
premises and cut and removed standing timber, of the value of over
$400; that thereby, the mortgage security of the said Mary W. Grif-
fin was impaired to the extent of $317.45, the amount of the deficiency
judgment. It is further alleged that the said defendant well knew
of the existence of the mortgage of Mary W. Griffin, and the amount
thereof, and that the same was wholly unpaid, and that he well knew
that by committing said waste he was impairing and injuring the
plaintiff's security and depreciating the value of said premises to such

an extent that the same would be insufficient to secure the plaintiff against loss of a large portion of the mortgage debt. It is further alleged that defendant knew that the mortgagors were insolvent, and intended by the commission of said acts to deprive Mary W. Griffin of a large portion of her security and appropriate the same to his own use.

That these facts state a cause of action would seem to be held by the following authorities: Van Pelt v. McGraw, 4 N. Y. 110; E. H. Ogden Lumber Co. v. Busse, 92 App. Div. 143, 86 N. Y. Supp. 1098; Carpenter v. Manhattan Life Insurance Co., 93 N. Y. 552; Yates v. Joyce, 11 Johns. 136.

Respondents argue that an action of waste cannot be maintained against a stranger; but this is not strictly an action of waste. Under the old forms of action, it would be called an action of trespass on the case. In Livingston v. Haywood, 11 Johns. 429, the action of waste is recognized against the tenant, but it is held that a reversioner may have an action of trespass against a stranger. The limitations of the Code, therefore, applicable to an action of waste brought thereunder, do not in any way limit plaintiff's right of action here.

It is further contended that this defendant was a party defendant in the action to foreclose the plaintiff's mortgage, this claim should have been there asserted, and that by failure to assert the same in that action the claim has been waived.

We are of opinion, however, that the plaintiff was not bound there to assert this claim. He might wait and see, first, whether the property would not sell for sufficient to satisfy the mortgage lien, before he brought this action in tort against the defendant for maliciously impairing the security. A plaintiff is never required to join actions in tort and contract, upon penalty of forfeiture of either right of action.

The judgment should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event.

Judgment reversed, and new trial granted, with costs to appellant to abide event. All concur.