(May 24, 1944.)

VASSOS SAROODIS, Appellant, v. LIBERTY MOTOR FREIGHT LINES, INC., et al., Respondents.—Judgment affirmed, with costs. All concur, except Dowling, J., who dissents and votes for reversal and for denial of the motion in the following memorandum: The complaint charges that the defendants wrongfully and forcibly entered upon the plaintiff's premises with a tractor and trailer motor vehicle "and then and there broke down and destroyed, by the force of the collision and by fire incident thereto, plaintiff's said building and the contents" to the plaintiff's damage in the amount of $55,000. Before answering, the defendants moved to dismiss the complaint on the grounds that there is another action pending between the parties and that there is an existing final judgment in the Supreme Court in the defendants' favor rendered on the merits determining the same cause of action stated in the complaint between the same parties. The court granted the motion on the ground that said judgment finally determined on the merits, the cause of action alleged in the complaint. In the prior action the plaintiff sued the defendants in negligence to recover the damages suffered on account of the destruction of his property.

The question of trespass was not set up in the complaint or litigated in that action. Two questions, besides damages, were submitted to the jury: (a) Did the defendants' conveyance enter upon the plaintiff's premises? (b) Were the defendants negligent? The jury rendered a general verdict in favor of the defendants. On which ground the verdict rests does not appear in the record and there is no way of knowing because the jury were not required to make special findings. Whether the question of trespass was litigated and determined in the prior action should appear from the judgment roll in that action. (*Tax Lien Co.* v. *Schultze,* 213 N. Y. 9, 13.) The judgment roll sheds no light on that question. In a trespass action a defendant may be held liable whether or not his act was a negligent one (*Sullivan* v. *Dunham,* 161 N. Y. 290 and cases cited). The principle of *res judicata* does not require that a plaintiff must allege all the causes of action he may have or to resort to all the remedies he may have in a single complaint. (*Cook* v. *Conners,* 215 N. Y. 175, 178; *Morgan* v. *Waters,* 122 App. Div. 340, 342; *Bowery Savings Bank* v. *Belt,* 66 Hun 57, 60; *Clark* v. *Kirby,* 243 N. Y. 295, 303.) To sustain a plea of a former judgment it must appear that the cause of action in both suits is the same or that some fact essential to the maintenance of the second action was in issue and determined in the first action adversely to the claimant. (*Hull* v. *Hull,* 225 N. Y. 342, 352–353.) If different proofs are required to sustain the two actions, a judgment in one is no bar to the other. (*Lipkind* v. *Ward,* 256 App. Div. 74, 78.) The action of trespass for the violation of a property right does not depend upon the intent of the wrongdoer, nor does it depend upon negligence. "The action is complete when the proof established the fact of the breaking of the close, and the resulting damage. When the proof shows the breaking of the close, and the damage thereto, it is then incumbent upon the one charged with the breaking of the close, and occasioning the damage thereto, to show a justification, which must be specially pleaded. [Citing cases.]" (*Szald* v. *Smith,* 229 Ill. App. 66, 69.) Trespass and negligence were not inconsistent remedies. They are independent remedies. Negligence is not a common ingredient of actions in trespass and in negligence. The proof required to sustain an action in trespass differs essentially from that required to sustain an action in negligence. The defendants have failed to carry the burden of showing that the judgment in the former action is a bar to the maintenance of this action. (The judgment dismisses the complaint, on motion of defendants, in an automobile negligence action.) Present — Cunningham, P. J., Taylor, Dowling, Harris and McCurn, JJ.