■ FRANK C. ODELL et al., Respondents, v. CHARLES M. BUCK, Appellant. — Appeal by defendant from an order of the Supreme Court at Special Term entered in Cortland County, which denied a motion to dismiss the complaint as insufficient. Plaintiffs were purchasers at a mortgage foreclosure sale of premises previously conveyed by the mortgagors to defendant, subject to the mortgage. The first cause of action of the complaint alleges that while the mortgage lien was in existence, defendant removed from the premises and converted to his own use certain heating and plumbing fixtures which had been affixed to the realty. The second cause of action alleges damage to various portions of the building, caused in the process of removing the fixtures. Plaintiffs had no title to or right to the possession of either the fixtures or the realty "while the * * * mortgage was a lien on the premises" (in the language of the complaint) and, therefore, no cause of action either in conversion or for the physical damage to the premises accrued to plaintiffs then or thereafter. The Special Term held that, "The purchaser at a mortgage foreclosure sale acquires a title to the premises which relates back to the date of the mortgage and vests in the purchaser the entire estate and interest of the mortgagor and mortgagee as it existed when the mortgage was made." The holding relied largely on *Rector, etc.* v. *Mack* (93 N. Y. 488, 492). That case, however, recognized that "it is clearly the modern doctrine that the mortgagee has by virtue of his mortgage no estate in or title to the land, or the right of possession before or after the mortgage debt becomes due (*Ten Eyck* v. *Craig*, 62 N. Y. 421), and only acquires such title by purchase upon the foreclosure sale". While reference was made to the statute (now Civ. Prac. Act, § 1085) as nevertheless relating the title to "the old rule and the old practice, when the mortgagor's right could be fitly termed an equity of redemption which could be foreclosed, leaving an absolute estate in the mortgagee", the action itself was for injunctive relief and involved an easement created subsequent to the execution of the mortgage. Thus, the decision did not bear upon the question of damage sustained by a mortgagee or by a purchaser on foreclosure or upon the conflict of asserted rights as between those two. If the causes of action pleaded here were well founded, such a conflict would be inevitable, as the right of a mortgagee to recover for acts of waste, to the extent that his security has thereby been impaired, is clear. (*Van Pelt* v. *McGraw*, 4 N. Y. 110, 112; *Morgan* v. *Waters*, 122 App. Div. 340; *Syracuse Sav. Bank* v. *Onondaga Silk Co.*, 171 Misc. 993; *Cottle* v. *Wright*, 140 Misc. 373.) Upon facts such as are here alleged, the existence of this remedy in favor of a mortgagee necessarily excluded action

by the purchaser. It is clear that this result favoring the mortgagee is just and equitable. Thus, the right of a mortgagee to recover for an actual loss due to a clearly wrongful act is recognized, while the purchaser's supposed claim thus denied recognition is but for damages which would be technical merely, as it is the purchaser's choice whether or not to bid for the premises and that on the basis of their condition at the time of the sale and not at some time in the past. In this case, for example, the mortgage was given for $2,298.23 and plaintiffs purchased the premises for $1,801, and now seek damages of $3,000. If plaintiffs' theory were sound, the result would be that a purchaser in their situation would reap a windfall while the mortgagee could not even recoup his out-of-pocket loss, however greatly he may have been wronged. Order reversed, with $10 costs, and motion granted, with costs to defendant-appellant. Foster, P. J., Bergan, Halpern and Gibson, JJ., concur.