OPINION OF THE COURT
William H. Keniry, J.
This case presents the somewhat unique legal issue of whether or not a mortgagee which has already foreclosed upon the underlying mortgage and which is barred by a bankruptcy discharge from obtaining a deficiency judgment can pursue an action in waste against the mortgagor.
Defendant Herman Breuer (Breuer) mortgaged a two-family residence located on Elm Street in Saratoga Springs to plaintiff. In July 1995, plaintiff had the property appraised and *289 it was valued at $81,500. In October 1995 Breuer filed for personal bankruptcy naming plaintiff as a secured creditor owed $60,440. In November 1995, defendant had the property appraised in connection with his bankruptcy filing and its market value was given as between $63,000 and $66,000. Defendant was granted a bankruptcy discharge on March 4, 1996 and was then released from having any personal liability to plaintiff for the mortgage debt. In July 1996 defendant alleges that he vacated the property and advised plaintiff of his action. The property was occupied by two tenants at the time.
Plaintiff commenced this foreclosure action in November 1996 and a judgment of foreclosure was entered in plaintifFs favor on March 14, 1997. Defendant was adjudged to owe $68,603.43 to plaintiff. At the foreclosure sale held April 23, 1997, plaintiff purchased the property and thereafter accepted a Referee’s deed. Plaintiff had the property appraised on May 1, 1997 and it was valued at $50,000.
Plaintiff avers that the diminution in value was caused by defendant’s affirmative and passive acts of waste which caused the property to be damaged and rendered unhabitable during the period between his bankruptcy discharge and the commencement of the foreclosure action.
Defendant denies these assertions and argues that plaintiff is precluded from pursuing any claims against him arising out of the mortgage transaction.
The court, in deciding the pending motion, is not concerned with whether or not defendant is guilty of committing waste but only whether or not plaintiff possesses a right to commence such an action against defendant.
Normally in cases like this, the mortgagee absorbs the loss if the market value of the collateral is less than the balance due on the mortgage when the mortgagor is absolved in bankruptcy from personal liability.
There is well-established precedent permitting a mortgagee to sue in waste for damages resulting in a diminution in value of the collateral (Van Pelt v McGraw, 4 NY 110). Such an action is grounded in tort and is generally not considered an action either of foreclosure or upon the loan indebtedness (Syracuse Sav. Bank v Onondaga Silk Co., 171 Misc 993). At first glance, plaintiff’s ability to sue defendant for waste seems unimpeded. However the holding of the Appellate Division, Third Department, in Odell v Buck (5 AD2d 732) may defeat that right. In Odell the purchaser of property at a foreclosure *290 sale was barred from pursuing a claim for damages caused by removal of heating and plumbing fixtures by the mortgagors’ assignees. Here, once the Referee’s deed was delivered to and accepted by plaintiff, the mortgage debt was extinguished and plaintiff assumed the status of purchaser. As stated in Odell (at 733), plaintiff made a choice "whether or not to bid for the premises and that on the basis of their condition at the time of the sale and not at some time in the past”. Plaintiff, under its mortgage, had a right to inspect the property and thereby determine whether or not the mortgagor was fulfilling his obligation to keep the property in good condition. It could have taken action to secure the property and preserve its interest but apparently did not.
Although plaintiff makes a sound argument that it should be allowed to pursue an action in waste against defendant, the holding in Odell v Buck (supra) is controlling. If a third party bought the property at the foreclosure sale, the purchaser could not sue defendant for waste. The result should be the same upon plaintiff’s purchase.
Plaintiff’s motion is denied without costs.