NEW YORK,
May, 1817.

LANE
v.
HITCHCOCK.

LANE AND WIFE *against* HITCHCOCK.

THIS was an action on the case which was tried at the *Dela-ware* circuit, in 1816, before his honour the Chief Justice.

The declaration stated, that on the 20th day of *March*, 1802, *William Reside* mortgaged to *William H. Ludlow* a lot of land in the town of *Delhi*, in the county of *Delaware* to secure the payment of 1,001 dollars and 87 cents, by the 20th day of *March*, 1803, according to the condition of a bond, bearing even date with the mortgage, executed by *Reside* to *Ludlow*, with the usual power to sell, in case of default of payment; that on the 1st day of *June*, 1807, the mortgaged premises, with the securities relating thereto, were assigned to *Van Rensselaer*, and that on the 15th day of *June* thereafter, *Reside* being indebted to *Van Rensselaer* in the further sum of 1,000 dollars, it was agreed between them, in order to secure the said sum of 1,000 dollars, that the mortgage should stand as security to *Van Rensselaer* for the sum of 2,163 dollars and 69 cents, and *Reside* executed a bond and covenant to that effect to *Van Rensselaer;* that on the 28th day of *July*, 1808, *Van Rensselaer* assigned his interest in the mortgaged premises to the plaintiffs, who, on the 9th day of *April*, 1815, default in payment having been made, advertised the premises for sale at public vendue on the 2d day of *November*, then next; yet, that the defendant, well knowing the premises above mentioned, but intending to injure and aggrieve the plaintiffs, and to prevent their having payment and satisfaction of the amount due upon said mortgage, and the interest thereon, by a sale of the premises, and, also, to lessen the value of the said mortgaged premises, and to render them of less value than the amount charged thereupon, did wrongfully take down, demolish, waste, despoil, and remove, and convert to his own use, certain tenements of the value of 1,000 dollars, to wit, a house of the value of 800 dollars, and a barn of the value of 200 dollars, being part and parcel of the mortgaged premises, well knowing that the same were advertised for sale, and were inadequate to pay the moneys charged and due upon them; by reason whereof the plaintiffs were prevented from selling the mortgaged premises, with the appurtenances, for a sum equal to the money due with interest; and

*In an action by an assignee of a mortgagee against a purchaser from the mortgagor, subsequent to the execution of the mortgage, for removing buildings from the premises, after they had been advertised for sale under the power in the mortgage, and before the sale, whereby the premises were rendered inadequate to pay the money due, and were sold for a less sum than they otherwise would have brought, it must be averred in the declaration, and proved on the trial, that the mortgagor was insolvent, and had no other property than the mortgaged premises out of which the debt could be satisfied; and without such averment in the declaration, no proof of those facts can be introduced.*

that the premises, with the appurtenances, after the removal of the said house and barn, were not worth, and in value equal to, the money and the interest due on the mortgage, and were sold for a less sum than they otherwise would have been worth and sold for, to wit, the sum of 1,000 dollars. The defendant pleaded *not guilty*, with notice that he should give in evidence, on the trial, that on the 15th day of *May,* 1805, *Reside* sold him half an acre of land, being part of the mortgaged premises; that the defendant erected a house and barn thereon, at his own cost and expense, and on the 4th day of *May,* 1815, took down and demolished the house and barn, which were no part of the mortgaged premises at the time the mortgage was executed.

At the trial, the plaintiffs proved the mortgage and assignments stated in the declaration, a regular sale under the power in the mortgage, for 1,000 dollars, and the removal of the house and barn by the defendant previous to the sale. The defendant proved the conveyance from *Reside*, mentioned in his notice, and the subsequent erection of the house and barn; and a witness stated that the farm now was worth 4,000 dollars. The counsel for the plaintiffs then offered to prove that *Reside* was insolvent, and had no other property than the mortgaged premises, out of which the bond and mortgage could be satisfied, and that the house and barn were removed by the defendant with a view to lessen the value of the premises; but the chief justice rejected the evidence, and ordered the plaintiffs to be nonsuited.

The plaintiffs now moved to set aside the nonsuit, and the case was submitted to the court without argument.

*Per Curiam.* This case is supposed to be within the principles which governed the decision in *Yates* v. *Joyce,* (11 *Johns. Rep.* 140.) That case came before the court on demurrer, and all the averments contained in the declaration were, of course, admitted. The declaration, in that case, averred the insolvency of the defendants in the execution; that they had no other estate or property than the lands on which the judgment was a lien; and that the plaintiff, by the waste committed by the defendant, was injured, and thereby deprived of recovering a part of his judgment.

In the case now before us, it was offered on the trial to prove, that the mortgagor was insolvent, and had no other property

than the mortgaged premises out of which the debt of the plain-
tiff might be satisfied; but there was no averment in the
declaration to warrant such proof. These were material and
indispensable facts, in order to give the plaintiff a right of ac-
tion; and to allow this proof without the averment, would be
taking the defendant by surprise. He would not have notice
to come prepared to disprove or explain any testimony that
might be given on the trial on these points. In the case of
*Yates* v. *Joyce*, the decision is placed on the ground that the
plaintiff was actually damnified by the fraudulent misconduct of
the defendant. But from the proof in this case it appears that
the mortgaged premises were worth more than the mortgage
money, at this time, since the removal of the house and barn.
There is no evidence, therefore, that the defendant intended,
or has, in fact, deprived the plaintiff of the recovery of his
money. The evidence offered was properly excluded, for
the want of proper averments. The motion to set aside the
nonsuit must be denied.

Motion denied.