## PATRICK O'DOUGHERTY *vs.* SAMUEL FELT and JOHN FELT, JUN.

F., being the owner of land, on which there was a saw-mill with the machinery therein, gave a mortgage thereon to F., which was foreclosed, and the premises sold, and bid in by S. Subsequently, S. contracted to sell the premises to the plaintiff, who went into and continued in possession. Prior to the sale under the judgment of foreclosure, F. had severed the machinery &c. consisting of a muley-head, dogs, large rag-wheel, iron wheels &c. from the freehold, but left the articles thus severed in and about the mill, where they remained at the time of such sale, and of the contract to sell to the plaintiff. Such machinery was annexed to, and formed a part of the realty, when the mortgage was given.

*Held*, 1. That by virtue of the mortgage, F., the mortgagee, acquired a lien on all that formed a part of the realty at the time it was given; and that when he foreclosed, he had a right of action for the property that had been previously severed.

2. That it was not material whether the remedy of the mortgagee was trover for the property severed, or an action for the damages sustained by reason of the severance. That in either case, the property having ceased to be a part of the realty, a conveyance of the premises to which it was attached would not carry the articles severed.

3. That on the sale of the land, by S. to the plaintiff, the property which had been previously severed did not pass; even if. S. became the owner of it by virtue of his purchase of the land at the foreclosure sale.

Unless personal property is mentioned in a deed of. land, it will not, of course, pass.

APPEAL, by the plaintiff, from a judgment entered at a Special Term, on a trial by the court without a jury.

The action was brought to recover damages against the defendant for the wrongful taking and carrying away certain wheels and other machinery in a saw-mill, that were claimed by the plaintiff to be fixtures in said mill.

The defendants, by their answer, denied each and every allegation of the complaint, except the ownership by the plaintiff of the farm and saw-mill, with the tools, machinery and fixtures appertaining to or connected therewith. And for a second and further defence, they alleged that prior to the plaintiff becoming the owner of the farm and saw-mill in the complaint mentioned, one

O'Dougherty *v.* Felt.

John Felt was the owner, and in possession thereof up to the 2d day of April, 1864, after which the plaintiff purchased and took possession thereof, and said Felt was, at that time, and the time when &c. in the plaintiff's complaint alleged, the owner of all the personal property, goods and chattels in and around such mill as were not fixtures and appertaining to said mill, and was the owner of all the property alleged in the complaint to have been taken by the defendants. That no part thereof were fixtures to or appertained to said mill, and the defendants, by authority and at his request, took and carried away the same, (the same being personal property, goods and chattels merely,) as they lawfully might, for such cause.

The justice, before whom the action was tried, found and decided as matters of law, that the articles of machinery mentioned in the complaint, at the time the plaintiff took his contract and possession of the premises, were not fixtures, but personal property, and did not pass to the plaintiff. That the plaintiff holding under a contract only, could not maintain the action for said machinery. That the defendants, in entering upon said premises, were guilty of trespass and liable for nominal damages of six cents, and he ordered judgment accordingly.

*L. J. Dorwin,* for the appellant.

I. If these articles existed at the time of the mortgage, and appertained to the freehold, then, at no time, had the defendants, without the consent of the mortgagee, a right to sever and convert them to their own use. The right passed by the mortgage. (1 *Hill. on Real Prop.* 29. *Vanderpoel* v. *Van Allen,* 10 *Barb.* 157.)

II. In determining between mortgagor and mortgagee, whether such erections and fixtures are real or personal property, the rules prevail which are applicable between

grantor and grantee. (*Snedeker* v. *Warring,* 12 *N. Y.*
170. *Laflin* v. *Griffiths,* 35 *Barb.* 58.)

 III. At the time of the execution of the mortgage by
John Felt, Jr., to Fowler, all the articles in question
were fixtures, and appurtenant to the freehold. (*Wal-
ker* v. *Sherman,* 20 *Wend.* 636. *Farrar* v. *Chauffetete,* 5
*Denio,* 527. *Murdock* v. *Gifford,* 18 *N. Y.* 28. *House*
v. *House,* 10 *Paige,* 158. *Buckley* v. *Buckley,* 11
*Barb.* 44.)

 IV. If articles were, before being detached, fixtures,
the person having the title to the realty, even a con
ditional one, can, in case of their removal by another,
sue for the specific recovery of the things themselves,
or in trespass, for the damages to the freehold. *Laflin*
v. *Griffiths,* 35 *Barb.* 58.)

 V. The justice erred in deciding, as matter of law,
that the plaintiff, holding under a contract only, could not
maintain the action for said machinery. This principle
may hold, where the machinery is detached and removed
prior to the contract, and even prior to his possession of
the property under the contract. The contract, or posses-
sion under it, conveys no right of action already accrued;
but it would be a strange principle that would allow
premises, held under a contract, to be wrongfully en-
tered and the machinery detached and removed—or,
where in part detached, to detach the balance, and
remove, break or destroy the whole with impunity.
The plaintiff entered into the possession of these prem-
ises and this property under a contract of purchase;
as such, he was the equitable owner of the same—and
as such, must bear any loss which may happen to the
estate between the agreement to purchase and the con-
veyance. He must pay the purchase money, though
the estate itself be destroyed. (*Rood* v. *The N. Y. &
Erie R. R. Co.,* 18 *Barb.* 80.) The interest of the
vendee in the contract is real estate, and goes to the
heirs, and not to the executors. In such cases the

estate vests, in equity, in the vendee, and the vendor retains the legal right, as a mere lien, as his security for the unpaid purchase money. (*Moore* v. *Burrows*, 34 *Barb*. 173. *Honsee* v. *Hammond*, 39 *id*. 89.)

VI. The second defence set up in the answer is totally disproved by the defendants' own evidence. ·John Felt was not the owner of the property as therein alleged, but on the contrary had conveyed the premises, and all the property in question, to John Felt, Jr., prior to the 1st day of July, 1858, and had no interest in any of it subsequent to that time. The evidence is conclusive on this point. The issue, then, is upon the first defence, and this expressly admits the ownership by the plaintiff of the farm and saw-mill, with the tools, machinery and fixtures appertaining to or connected therewith. This is admitting the whole case, except the commission of the trespass and the damage, which are clearly proved.

*D. C. Calvin*, for the respondents.

I. The permanent abandonment of the mill·as such, the removal of·portions of the machinery, and the destruction of the flume, restored the fixtures to the rank of personal property. See *Buckley* v. *Buckley*, (11 *Barb*. 44;) *Farmers' Loan and Trust Co.* v. *Hendrickson*, (25 *id*. 484,) where it is held that the article must be fastened to the realty, or placed on the land with the intent that it shall permanently remain, to be habitually used there. In *Snedeker* v. *Warring*, (12 *N. Y*. 170,) Justice Parker says, at page 175: "The intention of the person making the erection often exercises a controlling influence, and its connection with the land is looked at principally for the purpose of ascertaining whether that intent was that the thing in question should retain its original chattel character, or whether it was designed to make it a permanent accession to the land." (*See, also*, 2 *Kent's Com.* 343.) It is confidently submitted

that as it is the intent which converts a chattel into a fixture, so a permanent abandonment of its use, with the intent not to resume it, restores its personal character, as essentially as its removal would.

II. The machinery in question, if fixtures when the mortgage to Fowler was given, became personal property when severed, (*Morgan* v. *Varick,* 8 *Wend.* 587,) though wrongfully separated, (*Mooers* v. *Wait,* 3 *id.*103.)

III. The property becoming personal by severance, did not pass to Stewart by the sale on foreclosure; much less would it have passed if the plaintiff had taken a conveyance by metes and bounds from Stewart; and still less, having taken only a contract.

IV. The plaintiff holding under a contract only, had not such a title as would enable him to maintain the action for the machinery were all the other obstacles removed. (*Tabor* v. *Robinson,* 36 *Barb.* 483.)

*By the Court,* MULLIN, J. I understand the facts in this case to be, that John Felt, Jr., owned the land on which the saw-mill, part of the machinery of which is in question in this suit, stood, and on the 1st of July, 1858, he and his wife gave a mortgage thereon to Theodosius O. Fowler and others. This mortgage was foreclosed, and the premises sold and bid in by P. S. Stewart, on the 2d of April, 1864. On the 22d of June, 1864, Stewart contracted to sell said premises to the plaintiff, who thereupon went into possession, and thereafter occupied the same. Before the sale on the judgment of foreclosure, Felt, the owner in fee, severed the property described in the complaint from the freehold, but left the articles thus severed in and about the mill, where they remained at the time of the sale on the foreclosure, and of the contract to sell to the plaintiff. The property thus severed, and for which this suit is brought, is, the muley-head, dogs, large rag-wheel, iron wheels, a stove and a saw. The severance had been made at different

times within the preceding twelve or fourteen years. The mill had not been used in that time. All of this property was annexed to and formed a part of the realty when the mortgage was given, except the stove and saw.

It was said by Johnson, Ch. J., in *Murdock* v. *Gifford*, (18 *N. Y.* 28–34,) that the wheel or engine which furnishes the motive power, and all that part of the gearing and machinery which has special relation to the building with which it is connected, would belong to the freehold. The conclusion of Cowen, J., in *Walker* v. *Sherman*, (20 *Wend.* 636,) upon a review of all the cases, both English and American, was, that as a general rule, in order to come within the operation of a deed conveying the freehold, whether by metes and bounds, of a plantation, farm or lot &c., or in terms denoting a mill or factory &c., nothing of a nature personal in itself will pass, unless it be brought within the denomination of a fixture, as being in some way permanently, at least habitually, attached to the land or some building on it. The chancellor held, in *House* v. *House*, (10 *Paige*, 158,) that the water-wheel, mill-stones, running gear and bolting apparatus of a grist and flouring mill, and other fixtures of the same character, are constituent parts of the mill, and descend to the heirs as real property. (*Buckley* v. *Buckley*, 11 *Barb.* 43. *Vanderpoel* v. *Van Allen*, 10 *id.* 157.)

It is not material to inquire, in this case, whether a conveyance of a mill or factory, *eo nomine*, will convey machinery and other personal property which would not pass by conveyance by metes and bounds; as all the property in controversy here is real, except the stove and saw, and the latter articles would not pass under any circumstances, unless it might be the saw in its place in the mill. What was the effect of the severance of the wheels &c. by Felt before the sale on foreclosure? It was held in *Mooers* v. *Wait*, (3 *Wend.* 104,) that a purchaser of wild lands to be thereafter paid for, and deed

given, is not at liberty to cut a piece of timber when the land on which it grows is not required for purposes of cultivation; and that on severance the timber becomes the personal property of the owner in fee, and trover may be maintained therefor against one in possession, though he be a *bona fide* purchaser under the occupant. The case of *Morgan* v. *Varick*, (8 *Wend.* 587,) is still more decisive of the question. The plaintiff owned the premises in question, and on them was a stone building which, at the time the action (ejectment) was brought, contained four boilers and other machinery and apparatus for propelling a grist-mill. After suit brought, the defendant sold the boilers &c. to Leavenworth, who removed them at the request of the defendant. The plaintiff having established his right to recover the land, claimed to recover also for the value of the property thus removed, and it was held that he might. The court say the steam engine, before severance, was part of the real estate; when severed it became the personal property of the plaintiff. (*Farran* v. *Thompson*, (5 *B. & Ald.* 826. *Amos & Fer. on Fix.* 236, &c.)

By virtue of the mortgage, the mortgagee acquired a lien on all that formed a part of the realty at the time it was given, and when he foreclosed, he had a right of action for the property severed before the foreclosure. (*Southworth* v. *Van Pelt*, 3 *Barb.* 347. *Van Pelt* v. *McGraw*, 4 *N. Y.* 110.)

It is not material whether the remedy of the mortgagee is trover for the property severed, or an action for damages by reason of the severance. In either case, the property having ceased to be a part of the realty, a conveyance of the premises to which it was attached will not carry the articles severed. Unless personal property is mentioned in a deed of land, it will not, of course, pass. So that, on the sale by Stewart to the plaintiff, the property severed did not pass, even if Stewart be-

came owner of it by virtue of his purchase on the foreclosure sale.

There is no evidence that anything but the land was sold, and that did not embrace the property in question.

The judgment must, therefore, be affirmed.

[ONONDAGA GENERAL TERM, January 2, 1866. *Morgan, Mullin* and *Bacon,* Justices.]