E. H. OGDEN LUMBER CO. v. BUSSE.

(Supreme Court, Appellate Division, First Department. March 11, 1904.)

1. MORTGAGES—WASTE—ACTION BY MORTGAGEE—MORTGAGOR'S INSOLVENCY.

In an action by a mortgagee for impairment of his security by waste committed by a third person, whether the mortgagor was insolvent was immaterial.

2. SAME—EVIDENCE—HARMLESS ERROR.

The erroneous admission of evidence on an immaterial issue is harmless.

3. SAME—KNOWLEDGE—MORTGAGE—EVIDENCE.

Where, in an action by a mortgagee for waste, it was proved that defendant had been served with the summons and complaint in an action to foreclose the mortgage prior to the commission of the waste complained of, such evidence was sufficient proof of defendant's knowledge of the mortgage before committing the waste.

4. SAME.

Where defendant, with knowledge of a mortgage on certain uncompleted buildings, removed certain steel beams and lintels, all of which had been

inserted in the wall, and had become a part of the building, before the execution of the mortgage, such acts constituted waste impairing the mortgagee's security.

**5. SAME—DAMAGES.**

In a suit by a mortgagee against a third person for waste impairing mortgagee's security, the measure of damages is the diminution of the market value of the whole property by reason of the injury, unless such amount is greater than the reasonable cost of repairing the injury, in which case such cost only will be allowed.

**6. SAME—EVIDENCE.**

A party cannot claim on appeal that evidence offered on a particular issue was erroneously excluded because relevant to a different issue.

Appeal from Trial Term, New York County.

Action by the E. H. Ogden Lumber Company against Amand Busse. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Almet R. Latson, for appellant.

F. K. Pendleton, for respondent.

VAN BRUNT, P. J. This action was brought by the plaintiff as the holder of a bond and mortgage executed by one Wetterer, the then owner of certain property situate in the city of New York, to recover damages for an injury by the defendant to the mortgaged premises, whereby the plaintiff's security was impaired. The complaint contained no allegations of the insolvency of the mortgagor, but alleged that the value of the plaintiff's security was diminished by the acts of the defendant. Upon the trial the plaintiff proved his mortgage; that an action was begun to foreclose the same, and the summons and complaint therein were served upon the defendant in this action; and that subsequent thereto the defendant entered upon the mortgaged premises and removed from the buildings, injuring the walls in so doing, 53 steel beams and a number of lintels, all of which had been inserted in the wall and become a part of the building before the execution of the mortgage, and thereby impaired the security of the mortgage. The plaintiff also, over the objection of the defendant, introduced evidence tending to show the insolvency of the mortgagor, and also introduced proof tending to show the extent to which the value of the premises were diminished by reason of the acts of the defendant.

It is objected upon the part of the defendant that the admission of the evidence of the insolvency of the mortgagor, in the absence of any allegation in the complaint to that effect, was improper, and that the absence of such an allegation in an action of this description is fatal. It seems to us that, if such an allegation in the complaint was necessary, the admission of the evidence in question over the objection would necessarily call for a reversal of the judgment. Our attention has been called, amongst others, to the cases of Lane v. Hitchcock, 14 Johns. 213; Gardner v. Heartt, 3 Denio, 232; and Van Pelt v. McGraw, 4 N. Y. 110. The cases of Lane v. Hitchcock and Gardner v. Heartt arose under the old system of pleading, and they held distinctly that an allegation of insolvency was a necessary ingredient of a complaint

in an action of waste. It would seem, however, that a different rule, under the code system of pleading, was recognized in the case of Van Pelt v. McGraw. In that case it was held that the foundation of the action was the impairment of the security of the mortgage, with knowledge of the lien, and this seems to be the true rule which should govern in cases of this description. Suppose, for example, that a party has a mortgage upon premises which has five years to run, and a third party, with knowledge of the lien, enters upon the mortgaged premises, and does acts which impair the security of the mortgage, can it be that he cannot recover damages for such impairment because the obligor in the bond is at the time solvent, while five years hence, when he can be called upon to pay the mortgage, he may be good for nothing? The mortgagee, in taking the security of a mortgage for the payment of a bond, is looking to the security which he obtains by the mortgage, and not necessarily to the responsibility of the maker of the bond. Any other rule would be compelling a mortgagee to rely upon a personal obligation, when he supposed he was obtaining the security of real estate for the loan of his money. We think, therefore, that the allegation of insolvency was not necessary, the action resting upon the impairment of the security, and that, although the evidence in question was improperly admitted, it could not have done any possible harm and forms no ground for reversal.

It is further claimed that there was no evidence that the defendant knew of the lien which the plaintiff had upon the premises in question. It is difficult to see how he could have been ignorant of it, when it was established beyond question that he had been served with the summons and complaint in an action for foreclosure prior to the doing of the acts which form the basis of this action. The acts complained of were such as clearly tended to diminish the security of the mortgage, being the dismantling of an uncompleted building by the removal of material which had been incorporated therein.

It is further urged that an erroneous rule of damages was adopted by the court in submitting the case to the jury, and that this was error, in view of the fact that the court excluded evidence on defendant's behalf as to the cost of restoring the premises to their condition before the alleged waste was committed, and confined him solely to proof as to diminution of value. In support of this contention the case of Hartshorn v. Chaddock, 135 N. Y. 116, 31 N. E. 997, 17 L. R. A. 426, is cited. In this case it was held that evidence both of the cost of restoring the land to its former condition and the diminution of its market value is admissible, and the rule is laid down that when the reasonable cost of repairing the injury, or the cost of restoring the land to its former condition, is less than the diminution in the market value of the whole property by reason of the injury, the cost of restoration is the proper measure of damages, to which may be added the loss of the use of the property in consequence of the injury; but when the cost of restoring is more than such diminution the latter is usually the true measure of damages. The rule is further laid down that when damages are to be assessed upon one or the other of these two methods, according to the circumstances, and the plaintiff's proof is confined to one of them, and the defendant fails to offer proof as to the other, or

to raise any question on the trial as to the failure of the plaintiff to supply it, the omission may not be availed of on appeal. Therefore, if the defendant had, as he claims to have done, offered proof as to the cost of restoring the premises to their former condition, and it had been excluded, it would have been error. But we fail to find in the case any such offer of proof. It is true he put a witness upon the stand and asked him whether he was familiar with the price of certain of the materials which had been removed, and the witness stated that he was familiar with the price of those articles in the fall of 1899 and the spring of 1900. He was asked what was the market price. This was objected to, the objection sustained, and an exception taken, and this was the only attempt to prove what would be the cost of restoration. This evidence was not offered upon that issue, and it is clear that it was sought to be introduced on the question of damages, upon the allegation of conversion contained in the complaint. Under these circumstances, it does not appear that the defendant made any attempt to prove the cost of restoration for the purpose of showing that it was less than the diminution in value, nor that he called the attention of the court to the fact that such proof would be competent upon the measure of damages which should obtain in the action. Indeed, when the plaintiff stated that the damages sustained were the difference in the value of the property before the acts committed and afterwards, the defendant raised no objection. It would seem, therefore, that the defendant failed to establish any error in the ruling of the court in respect to damages.

The judgment and order appealed from should be affirmed, with costs. All concur.