In the Matter of the Application of THE CITY OF NEW YORK Relative to Acquiring Title Wherever the Same Has Not Been Heretofore Acquired for the Same Purpose in Fee to the Real Property Required for the Opening and Extending of Braddock Avenue (Rocky Hill Road), from Hillside Avenue to Jamaica Avenue (Jericho Turnpike), Including the Flares Included Within the Street Area at the Intersection with 221st Street (Manhattan Avenue), 221st Place (Lewellen Avenue), 222d Street (Madison Avenue), 91st Road (Hickory Street), 92d (Cedar) Avenue and Gettysburg Street (Hamilton Avenue); Davenport Avenue (Maple Street), from Gettysburg Street (Hamilton Avenue) to Braddock Avenue (Rocky Hill Road), and 93rd Avenue (Poplar Street), from 243rd (Raynor) Street to Braddock Avenue (Rocky Hill Road), in the Borough of Queens, City of New York.

THE CITY OF NEW YORK, Appellant; MOTT HOMES, INC., J. FREDERICK BROMMER, HOME SURPLUS CORPORATION, MASHOLIE AND SALVATOR CO., INC., SOL FELLER, BELLE-CREED REALTY CORPORATION, HUGH MURPHY, LUDWIG A. BOEHMER and MAGDA F. BOEHMER, His Wife, PATRICK J. MALLOY, WILLIAM SCHNEIDER and JOHN J. SCHAUB, Executors of WILHELMINA WUENSCH; Owner of Damage Parcel No. 70B (Unknown) and ROSE E. SCHROEDER, Respondents.

Second Department, July 2, 1937.

*William S. Gaud, Jr.* [*Paul Windels, Corporation Counsel, Reuben Levy* and *Benjamin Offner* with him on the brief], for the appellant.

*Arthur Morris,* for the respondents Mott Homes, Inc., Masholie and Salvator Co., Inc., J. Frederick Brommer and Home Surplus Corporation.

*Arthur Morris,* for the mortgagees William Diederich, John P. Kissling and Mary V. Kissling.

*Louis Costagliola* [*Charles P. Eschmann* and *William B. Hoffman* with him on the brief], for the mortgagee National City Bank of New York as trustee, etc.

ADEL, J. The proceeding is for the opening of Braddock avenue in the borough of Queens, city of New York. Braddock avenue, as opened in this proceeding, is an enlargement of the street known as Rocky Hill road, making it a highway 100 feet in width, and it follows somewhat the lines of the old road. We are concerned with that part of the property taken between the old and new northerly lines of the street in the blocks between Two Hundred and Fortieth and Two Hundred and Forty-second streets.

The resolution authorizing the acquisition of title for the purpose of the street opening was adopted by the board of estimate and apportionment on March 11, 1926. It was amended by resolution dated January 26, 1928, and again by resolution dated October 25, 1928. The petition for an order to ascertain and determine the compensation to be made to the property owners was submitted to the court in September, 1929. Title vested on May 2, 1931.

In 1926, before application to condemn was made, Mott Homes, Inc., purchased about thirty-six acres of land, including the property on the north side of Braddock avenue between Two Hundred and Fortieth and Two Hundred and Forty-second streets; the conveyance describing the property running to the northerly line of the old road. As the map shows, this line is some distance

south of the new line of the highway. The Special Term awarded substantial damages for the parcels involved, being the property between the old and new lines of the street.

On appeal, a decision was handed down by the court on November 30, 1936. (249 App. Div. 652.) The appeal is again before the court pursuant to an order granting reargument. The city, appellant, urges that the property taken is burdened with street easements by reason of the facts which are expressive of the intention of the parties, and with this contention we agree. In May, 1928, Mott Homes, Inc., after it had improved the property by erecting thereon six two-story brick stores and dwellings, conveyed it. The parcel so conveyed comprises about one-half of the property fronting on Braddock avenue in the block between Two Hundred and Fortieth and Two Hundred and Forty-first streets, and the deed of conveyance describes it as bounded by the northerly side of Braddock avenue as it is laid out on the topographical map of the city of New York. The buildings erected upon the property recognized the new street lines, and sidewalks and curbs were constructed in conformity therewith. The same grantor conveyed about one-half of the property fronting on Braddock avenue in the block between Two Hundred and Forty-first and Two Hundred and Forty-second streets in May, 1927, recognizing the new street lines. The purchaser of that parcel erected thereon, in the same year, six one-story brick stores and laid sidewalks and curbs, all conforming with the new street line. These facts and the other circumstances evidenced by the proof in the case are expressive of the intention of the parties to dedicate to street purposes the property lying between the old and new lines of Braddock avenue, described in this proceeding as Damage Parcels Nos. 67E to 67J, both inclusive, and No. 67M. And this is so as to Damage Parcels Nos. 67, 67D and 67L. (*Matter of City of New York* [*Sedgwick Ave.*], 213 N. Y. 438; *Matter of City of New York* [*Decatur St.*], 196 id. 286, and *Matter of City of New York* [*Edgewater Road*], 138 App. Div. 203.)

The facts in this case are quite unlike those in *Matter of City of N. Y.* (*Northern Blvd.*) (258 N. Y. 136), which case is readily distinguishable. There, sales were made with reference to a private property map prepared by the seller, which map indicated definitely the width of the old street line as well as the new street, as widened; the parcels sold were identified by lot numbers, and the space between the old and new lines had none of the physical aspects of a street, and was covered with trees and boulders. Here, sales were with reference to a map prepared by public authorities; and, while the dotted lines within the solid lines of the new street seem-

ingly indicated the old lines of Braddock avenue, the distances and dimensions are not shown; sales were made by metes and bounds with reference to the new northerly line of Braddock avenue, and the space between the old and new lines had practically all the physical aspects of a street, and the abutting property was improved with stores and dwellings built with reference to and in recognition of the new northerly line of Braddock avenue.

The owners of the hereinbefore mentioned numbered damage parcels are entitled to nominal damages only.

The situation is somewhat complicated, however, by reason of the claims now made by mortgagees who ask substantial damages for the property taken, basing their claims as such mortgagees upon mortgages made before the easements were created, and which easements were created without their consent. The record contains neither copies of the mortgages nor descriptions of the properties covered thereby, nor does it contain any testimony of value with respect to their independent claims. In view of our determination to remit the matter to Special Term for further proof, however, we express our opinion of the rule of damages applicable, assuming that a proper record shows that the mortgagee claimants' mortgages embraced the parcels acquired by description running to the old line of Braddock avenue, and that the easements were created after the mortgages had been made and without the consent of the mortgagees. This question, so far as we are aware, has never been presented to an appellate court of this State, except in the *Matter of City of New York (Forty-third Ave.)* (241 App. Div. 889; modfd., 242 id. 661).

A mortgage is merely an interest by way of security for debt, and a mortgagee has no title, but only a lien upon the land. The rights of a mortgagee growing out of an unauthorized and unlawful impairment of his lien have been firmly fixed in this State. In *Van Pelt* v. *McGraw* (4 N. Y. 110), in an action for wrongfully and fraudulently removing rails, timber, etc., from certain lands on which plaintiff held a mortgage, it was held: " Now this action is not based upon the assumption that the plaintiff's land has been injured, but that his mortgage as a security has been impaired. His damages, therefore, would be limited to the amount of injury to the mortgage, however great the injury to the land might be." And this doctrine finds support in the following cases: *Lane* v. *Hitchcock* (14 Johns. 213); *Ogden Lumber Co.* v. *Busse* (92 App. Div. 143); *Morgan* v. *Waters* (122 id. 340).

In 1 Nichols on Eminent Domain ([2d ed.] § 122, p. 357) it is written: " In States in which the mortgage does not pass the legal

title, as a mortgagee cannot recover for injury to the land by a private party unless his security is impaired, he would have no greater right in eminent domain proceedings."

It is evident that the doctrine is well settled that where the mortgagee's direct claim is based upon the unlawful impairment of his lien, he is not necessarily damaged by the tortious acts of waste or trespass by a third party, and his right of recovery depends upon the inadequacy of the remaining land as security for his lien. We see no reason why that same rule should not apply to a lawful condemnor. It finds support also in the rule of marshaling assets as applied to mortgagees. (*Howard Insurance Co.* v. *Halsey,* 8 N. Y. 271; *Ridge of Brooklyn Realty Co.* v. *Offerman,* 149 App. Div. 878.)

We do not follow the decision in *Matter of City of New York (Forty-third Ave.)* (*supra*), which should be confined to the facts in that case.

The decree should be modified by striking out the awards for Damage Parcels numbered 67, 67D, 67E, 67F, 67G, 67H, 67I, 67J, 67L and 67M, and by awarding nominal damages of one dollar for the taking of each of such parcels, and, as so modified, affirmed, in so far as an appeal is taken, without costs.

With respect to Damage Parcels numbered 67E, 67G, 67H, 67I and 67J, the matter should be remitted to Special Term to take proof and determine to what extent, if any, the taking herein by the city of New York impaired the security of the mortgagees whose mortgage liens covered the property taken as well as the abutting property; which value, so fixed, is the damage to which the mortgagees would be entitled.

HAGARTY and DAVIS, JJ., concur; TAYLOR, J., dissents in part, with memorandum; LAZANSKY, P. J., concurs with TAYLOR, J.

TAYLOR, J. (dissenting in part). I agree with the majority that the fee owner of damage parcels within the lines of the taking, which are subject to street easements, is entitled only to a nominal award; also that rights of mortgagees in those parcels are not affected by such easements created subsequent to the mortgages. As to each of such mortgagees, however, the rule in condemnation is not that he may have damages only to the extent that the taking has impaired his security. That rule is applicable in cases of waste. (*Van Pelt* v. *McGraw,* 4 N. Y. 110; *Lane* v. *Hitchcock,* 14 Johns. 213; *Ogden Lumber Co.* v. *Busse,* 92 App. Div. 143; *Morgan* v. *Waters,* 122 id. 340.) It is without application here. Such a

mortgagee, holding a mortgage on land, a portion of which is taken in condemnation, has a lien which attaches to the award made. (*Matter of City of New York* [*Houghton Ave.*], 266 N. Y. 26, 29, and cases cited; *Matter of City of New York* [*Forty-third Ave.*], 241 App. Div. 889; modfd., 242 id. 661.)  He is even entitled to satisfy the entire amount of his mortgage lien from the award (*Matter of City of New York* [*Houghton Ave.*], *supra*, and cases cited), if it is sufficient for that purpose.  In the present case, where the owner is entitled to only a nominal award, payment by the city to such a mortgagee of a substantial award for the land taken will inure to the benefit of the owner and will unjustly enrich that owner unless equitable considerations prevent such enrichment.  The city, in making a payment to the mortgagee under those circumstances, will not be a mere volunteer.  Therefore, if the city pay such substantial award to such mortgagee, the former will become, to the extent of that payment, subrogated to the rights of the latter under the mortgage in the part of the mortgaged property not taken; which interest of the city thus acquired will be subject and subordinate to that of the mortgagee therein for the balance due upon his mortgage.

LAZANSKY, P. J., concurs.

On reargument, decree modified by striking out the awards for Damage Parcels numbered 67, 67D, 67E, 67F, 67G, 67H, 67I, 67J, 67L and 67M, and by awarding nominal damages of one dollar for the taking of each of such parcels, and, as so modified, affirmed, in so far as an appeal is taken, without costs.

With respect to Damage Parcels numbered 67E, 67G, 67H, 67I and 67J, the matter is remitted to the Special Term to take proof and determine to what extent, if any, the taking herein by the city of New York impaired the security of the mortgagees whose mortgage liens covered property taken as well as the abutting property; which value, so fixed, is the damage to which the mortgagees would be entitled.