KASSIEL HOMNICK and DRUCKER & GUSSOFF REALTY CORP., Appellants, v. NEW YORK DOCK TRADE FACILITIES CORPORATION, Respondent.— Motion to resettle order denied. Present — Hagarty, Carswell, Davis, Adel and Taylor, JJ. On the court's own motion, the decision of this court handed down on May 21, 1937 [251 App. Div. 736], is hereby amended to read as follows: Plaintiffs, real estate brokers, sue to recover commissions of $22,500, claimed to be due on a sale of defendant's property to one Rabinowitz. Defendant's officer — Dowling — admits that plaintiffs first interested Rabinowitz in the property and at Dowling's request brought Rabinowitz to him and they negotiated for some weeks. Dowling testified the negotiations proved fruitless and plaintiffs abandoned their efforts to bring about a sale. Subsequently, the property was sold to Rabinowitz, but Dowling insists the sale was brought about by other brokers. Katz, one of the other brokers, admits that Rabinowitz, the purchaser, received $17,750 of the commission paid on the sale. Under the pleadings, the issue was whether plaintiffs or the other brokers were the procuring cause of the sale, and that issue was properly submitted to the jury. There was proof, however, that Dowling told plaintiffs to bring their proposed customer and if the property were sold to him defendant would pay the regular commission. If this be true, plaintiffs were entitled to recover, but plaintiffs did not move to amend the pleadings to conform to the proof until after the court charged the jury. While we do not hold that it was error to deny the motion to amend, we believe that in the interest of justice there should be a new trial. Judgment dismissing complaint reversed on the law and the facts and a new trial granted in the interest of justice, with costs to appellants to abide the event. Lazansky, P. J., Carswell, Davis, Johnston and Taylor, JJ., concur.

E. CLEMENS HORST CO., INC., Appellant, v. HITTLEMAN GOLDENROD BREWERY, INC., and EDWARD B. HITTLEMAN, Doing Business under the Firm Name and Style of EDWARD B. HITTLEMAN BREWERY, Respondents.— Motion for leave to appeal to the Court of Appeals denied. Stay continued until the granting or final refusal by the Court of Appeals of leave to appeal. Present — Hagarty, Carswell, Davis, Adel and Taylor, JJ.

FRANK HUGHES, Appellant, v. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Respondent.— Motion for leave to appeal to the Appellate Division granted. Present — Hagarty, Carswell, Davis, Adel and Taylor, JJ.

In the Matter of the Application of THE CITY OF NEW YORK, Relative to Acquiring Title Wherever the Same Has Not Been Heretofore Acquired for the Same Purpose in Fee to the Real Property Required for the Opening and Extending of Braddock Avenue (Rocky Hill Road), etc., in the Borough of Queens, City of New York. THE CITY OF NEW YORK, Appellant; MOTT HOMES, INC., and Others, Respondents.— Motions of Diederich, Kisslings and The National City Bank of New York for leave to appeal to the Court of Appeals granted. [See 251 App. Div. 669.] The following questions are certified: 1. In this condemnation proceeding, is the mortgagee entitled to a direct award based on the unincumbered fee value of the land taken, without considering the value of the part of the mortgaged premises not taken? 2. Should the award to the mortgagee be limited to the amount by which his security has been impaired by the taking? Present — Hagarty; Davis, Adel and Taylor, JJ.; Carswell, J., not voting.