William J. Crangle, J.
Plaintiff brings this action to foreclose a mortgage upon real property in the City of Amsterdam. The only defendant contesting the foreclosure is Hardies Electric Company, Inc.
The plaintiff has established the facts alleged in its complaint and is entitled to a judgment of foreclosure and sale directing that the mortgaged property be sold in one parcel. The amount due on the bond and mortgage is $14,137.96 with interest from January 1, 1967 at the rate of 5%% per annum plus the sum of $401 paid by plaintiff for fire insurance on the mortgaged property.
The affirmative defense of the defendant Hardies established certain facts which may be important in this or future litigation between these parties. Alvin L. Gursha, who is named as a defendant in this action but who was not served with a summons, was the owner of the premises in March, 1966 and was also the president of the defendant, Singerley Manufacturing Company, Inc. This company was engaged in making plastic novelty products in Gursha’s factory, the premises here involved. On March 11, 1966 the factory was mortgaged to the State Bank of Albany to secure a loan in the amount of $15,000 made for the use of the business.
During this period defendant Hardies was making some electrical installations at the factory and on July 29, 1966 Hardies commenced work on the installations described in its mechanic’s lien. This work was completed on November 16, 1966. The labor and materials provided by Hardies during this period are of the fair and reasonable value of $2,907.15. The sum of $1,300 was paid and applied upon amounts due for materials and labor *242 previously furnished under the contract. Hardies filed and served its mechanic’s lien on January 23, 1967 in proper time and in proper statutory form. The lien claims that labor and materials in the amount of $5,930.48 were furnished. Although this amount is in excess of the amount actually owing for work performed during the lien period it was not a willful exaggeration but included charges for labor and materials actually furnished prior to July 29,1966 and still unpaid. It is apparent that the July 29, 1966 date was inserted by error but the lien cannot be extended to cover this prior work. The lien is a valid lien for the sum of $2,907.15.
During the summer and fall of 1966 Alvin Gfursha and Singerley had financial difficulties and by December, 1966 were insolvent. Morris Dershowitz met with Alvin Gfursha and formed an agreement designed to continue business operations without embarrassment or hinderance by creditors of Gfursha or Singerley. In furtherance of this agreement two corporations of which Morris Dershowitz was president were utilized. The factory real property was conveyed by Gfursha to Singerley and Singerley gave a lease of the property to one of Dershowitz’ corporations, Gfregg Novelty Products, Inc. This corporation became the operating company under Dershowitz’ control and took possession of the factory and all of the machinery and fixtures. The plaintiff, H. Gf. Equipment Corporation, bought the mortgage on the factory property and the chattel mortgage on the machinery from the State Bank of Albany and advised Gfursha that the rent under the lease was being paid by the lessee corporation to the plaintiff to be applied upon plaintiff’s mortgage. Dershowitz was also president of the plaintiff corporation.
Some time thereafter some of the machinery was sold at public auction under the chattel mortgages and the fixtures consisting of electrical equipment and installations which were a part of the building were removed to property occupied by Gfregg Novelty Products, Inc. at Worcester, Massachusetts. These fixtures were worth about $10,000 and reduced the value of the mortgaged premises by at least that amount. Machinery of approximately $28,000 in value was also removed to the Worcester plant. The plaintiff now brings this action to foreclose the real property mortgage and to sell the stripped and depleted factory at public auction. Obviously if this is done prior to a return of the fixtures the property will bring substantially less than its true market value.
*243 The intent and purpose of those removing the fixtures was to transfer them safely beyond this jurisdiction thus impairing the security of the lien creditors.
Defendant Hardies asks that the court deny foreclosure relief to the plaintiff or in the alternative direct that the fixtures be returned or further that the Hardies lien be given priority upon distribution of the sale proceeds. None of these things may be done upon the facts here established. The defendant has an adequate remedy at law based upon the right of the holder of a lien on real property to recover against third persons for damage to the property resulting in impairment of the security of the lien. In such an action it may present proof of damage relating to the degree which its security has been impaired by the acts of others. (Yates v. Joyce, 11 Johns. 136; Ogden Lbr. Co. v. Busse, 92 App. Div. 143; 37 A. L. R. 1120; 48 A. L. R. 1156; Van Pelt v. McGraw, 4 N. Y. 110; Matter of City of New York [Braddock Ave.], 251 App. Div. 669; Emigrant Ind. Sav. Bank v. Midland Terrace Corp., 41 N. Y. S. 2d 458; 38 N. Y. Jur., Mortgages and Deeds of Trust, § 134.)
Judgment for plaintiff in accordance with the relief demanded in its complaint without costs against the defendant Hardies or the other lien creditors and without additional allowance in accordance with CPLR 8303.