HYMAN HELLER et al., Appellants, *v.* ALAN GERRY et al., Respondents.

Third Department, December 28, 1972.

*Rosen & Rosen* (*George H. Rosen* of counsel), for appellants.

*Levine & Levine* (*Lazarus I. Levine* of counsel), for Alan Gerry and others, respondents.

*Abraham Streifer* for Arthur Friend, respondent.

SIMONS, J. This is an appeal from a judgment of the Supreme Court in favor of the defendants, entered in Sullivan County, upon a dismissal of the complaint by the court at a Trial Term at the close of plaintiffs' case.

Appellant Hyman Heller sold a diner and the equipment in it to Triangle Diner, Inc. in 1962 and took back a mortgage on the real and personal property for $250,000. The defendants are officers, directors and stockholders of the mortgagor. After purchase, the individual defendants allegedly disposed of some of the mortgaged chattels and altered the real property. To replace the missing chattels, the respondent Gerry, an officer, director

and stockholder of the mortgagor, sold new equipment to one RTA Distributors, Inc., which then leased the equipment to Triangle Diner. Triangle Diner, Inc. went bankrupt in 1967. Appellant Heller foreclosed the mortgage, purchased the real estate for $100,000 and recovered a deficiency judgment for $50,000. Appellant Hyman Heller, Inc. purchased the chattels subject to the lease agreement from RTA.

The complaint asserts two causes of action, the first, by Heller individually, seeks damages alleging waste to the mortgaged real estate and conversion of the mortgaged chattels impairing his security and the second cause of action by Heller, Inc., seeks damages for conversion of chattels which were the subject of the RTA lease and were missing from the premises when Heller re-entered possession.

The trial court dismissed the complaint as to respondents Wood, Podolnick, Gorowitz and Scherf because there was no proof that they participated in the disposition of the property or had knowledge of any wrongful acts. (*Santa Barbara* v. *Avallone & Miele,* 270 N. Y. 1; *Hinkle Iron Co.* v. *Kohn,* 229 N. Y. 179; *McCrea* v. *McClenahan,* 131 App. Div. 247.) We agree with that ruling but believe the plaintiffs should have been allowed to go to the jury as to the remaining defendants Gerry, Friend and Rohrback on both causes of action. The trial court dismissed the complaint against them because appellant failed to prove any damages in the first cause of action and it dismissed the second cause of action believing that the appellant corporation could not maintain the action if it acquired title after the conversion and without receiving an express assignment of the cause of action.

In an action for impairment of a mortgagee's security, the measure of damages is the lesser of (1) the cost of restoring the property to its original condition or (2) the diminution in the market value of the property. (*Ogden Lbr. Co.* v. *Busse,* 92 App. Div. 143, 146.) Furthermore, the mortgagee may rely solely on the diminution in value to prove damages unless the defendant demands otherwise. (*Ogden Lbr. Co.* v. *Busse, supra.*) Heller attempted to prove the difference between the arm's length sale of the property to Triangle Diner in 1962 and the fair market after value determined by the deficiency judgment proceedings held pursuant to subdivision 2 of section 1371 of the Real Property Actions and Proceedings Law. This was competent evidence of diminution in the property's value to establish impairment of the security. He also offered proof of the cost of restoration which was less than the diminution in

value. This evidence of damages was sufficient to take that question to the jury.

The appellant Heller, Inc. purchased the title to the RTA chattels and could maintain the cause of action for their disposition. It is immaterial that the conversion occurred before the assignment (*Serat* v. *Utica, Ithaca & Elmira Ry. Co.*, 102 N. Y. 681; *Goebel* v. *Clark*, 242 App. Div. 408), and since the chattels had been disposed of, no formal demand for their return was required (*Mullen* v. *Quinlan & Co.*, 195 N. Y. 109, 115). While there was a failure of proof as to the value of some items, not satisfied by admissions in the bills of particulars unless the bills were received in evidence, there were issues for the jury to resolve.

The judgment should be modified, on the law and the facts, by reversing so much thereof as dismissed the complaint as to defendants Gerry, Friend and Rohrback and ordering a trial *de novo* as to them, and, as so modified, affirmed, with costs to abide the event.

HERLIHY, P. J., GREENBLOTT and REYNOLDS, JJ., concur.

Judgment modified, on the law and the facts, by reversing so much thereof as dismissed the complaint as to defendants Gerry, Friend and Rohrback and ordering a trial *de novo* as to them, and, as so modified, affirmed, with costs to abide the event.